## WILKES *v.* DETROIT UNITED RAILWAY.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—NOTICE OF INJURY AND CLAIM FOR COMPENSATION — LIMITATION OF ACTION.

   The workmen's compensation act (Comp. Laws Supp. 1922, § 5445) requires the claimant to give notice of his injury to his employer within three months after the happening thereof, and to make claim for compensation with respect to such injury within six months after its occurrence.[1]

2. SAME—REPORT OF ACCIDENT BY EMPLOYER—FAILURE TO REPORT FULLY BARS DEFENSE OF LIMITATION OF ACTION.

   Where a street car employee was crushed between two cars, necessitating the amputation of his right leg, for which he received compensation, and the company's doctor, who attended the employee, discovered that he was also injured in the hip and back, but reported to the company only the injury to the leg, and the company's report to the department of labor and industry was based on the doctor's report, its neglect to fully report the nature and extent of the injuries, as required by Comp. Laws Supp. 1922, § 5470, is a bar to its right to raise the defense of the statute of limitations on the hearing of the employee's petition, filed more than two years after the accident, for additional compensation by reason of total disability caused by the injuries to his hip and back.[2]

3. SAME—AGREEMENT FOR COMPENSATION EQUIVALENT OF AN ARBITRAL AWARD.

   An agreement for the payment of compensation by an employer to an injured employee, when filed with and approved by the department of labor and industry, is a substitute for, and, under the statute, the legal equivalent of, an arbitral award.[3]

[1]Workmen's Compensation Acts, C. J. §§ 102, 103; [2]Id., C. J. § 103; [3]Id., C. J. § 106.

Application of general statute of limitations to actions and proceedings under workmen's compensation acts, see note in 16 A. L. R. 462.

4. SAME—UNEQUIVOCAL CLAIM FOR COMPENSATION MUST BE MADE, BUT NOT NECESSARILY IN WRITING.

An unequivocal claim for compensation must be made by an injured employee under the statute, but it need not be in writing.[4]

5. SAME — INJURED EMPLOYEE CLAIMING OTHER INJURIES NOT BARRED FROM CLAIMING THEREFOR BY SIGNING AGREEMENT NOT MENTIONING THEM.

Where an employee, who lost a leg through an industrial accident, protested signing the agreement for compensation therefor, prepared by the employer's attorney, because it contained no provision for compensation for injuries to his hip and back, for which, he also made claim, and signed it only after assurance that it would not preclude said claim, he is not barred, under the statute, from claiming compensation for total disability due to said injuries, on the expiration of the period for which compensation was paid for loss of the leg.[5]

Certiorari to Department of Labor and Industry. Submitted April 7, 1926.     (Docket No. 30.)     Decided June 7, 1926.

Milton George Wilkes presented his claim for additional compensation against the Detroit United Railway for an accidental injury in defendant's employ. From an order awarding additional compensation, defendant brings certiorari.     Affirmed.

*William G. Fitzpatrick* (*William E. Tarsney*, of counsel), for appellant.

*Sid A. Erwin* and *Victor Kulaski*, for appellee.

SHARPE, J.     The plaintiff, while in the employ of the defendant, on September 20, 1921, was severely injured in a collision between two of defendant's cars. His right leg was so badly crushed that amputation above the knee was necessary, and was performed.

[4]Workmen's Compensation Acts, C. J. § 103; [5]Id., C. J. § 103.

On January 10, 1922, an agreement for compensation was entered into, wherein the defendant agreed to pay him compensation at the rate of $14 per week for the period of 175 weeks.   On October 2, 1922, plaintiff petitioned the department of labor and industry for an order that defendant be required to pay him the balance of the compensation provided for in the agreement ($789.56) in a lump sum.   Defendant signed a consent to such request, and such payment was authorized and made.

On May 18, 1925, after the 175 weeks following his injury had expired, plaintiff petitioned for further compensation, alleging that, in addition to the injury to his leg, he had sustained an injury to his hip and back as a result of the accident.   A hearing was had, and proofs were taken.   An award was made by the deputy commissioner of $14 per week from January 27, 1925, to date of hearing, in the sum of $336, and payment was ordered to continue during total disability.   On appeal to the department, this order was affirmed.

Defendant contends that—

"The petition for further compensation is the first claim ever advanced by the injured employee with respect to injuries to back and hip,"

—and that, as more than two years had elapsed after the date of the accidental injury before this petition was filed, the claim therefor is barred by the statute (section 15, part 2, Act No. 64, Pub. Acts 1919 [Comp. Laws Supp. 1922, § 5445]).

The statute above cited requires the claimant to give notice of his *injury* to his employer within three months after the happening thereof, and to make claim for compensation "with respect to such injury" within six months after the occurrence.   Plaintiff was at once taken to the hospital and treated and operated upon by Dr. Dolman, a surgeon in the regular employ

of the defendant.    The doctor testified that he was then—

"suffering from a crushing injury to the right leg, also the right hip, and complained of injuries to his back.  *  *  *  He had a crushing injury to the right leg,  *  *  *  injury to the right hip, marked ecchymosis of the right hip,  *  *  *  also extending to the small of the back, the ecchymosis."

On his attention being called to his report of the injury to the defendant, which referred only to his crushed leg, he stated:

"What is there is true.    If I completed the report at the time, I would have told you that the man complained of injury to his back."

Counsel for defendant do not claim that the information obtained by its doctor in treating plaintiff was not notice to it of the injury he had sustained.    Its report to the commission of a compensable accident was based thereon.    It entered into the compensation agreement more than three months after the accident without further or other notice of plaintiff's injury.

It was the duty of the defendant to report to the commission "the nature and extent of the injury fully and in detail," on the eighth day after the occurrence of the accident of which it had notice, and its neglect to do so is a bar to its right to raise the defense of the statute of limitations relied on by defendant. Section 17 of part 3 of the amendment of 1919 (Comp. Laws Supp. 1922, § 5470) above referred to.    The report of the doctor to the defendant and that of the defendant to the commission should have stated that the plaintiff sustained an injury to his hip and back as well as to his leg.

The agreement for compensation was prepared by defendant's attorney, as were all of the written instruments signed by plaintiff.    He was without counsel until the removal of the proceeding to this court.

This agreement, when "filed with and approved by the board, is a substitute for, and, under the statute, the legal equivalent of, an arbitral award." *Estate of Beckwith* v. *Spooner*, 183 Mich. 323, 329 (Ann. Cas. 1916E, 886). Had arbitration been had, it would undoubtedly have revealed the fact that plaintiff sustained an injury to his hip and back and that he was claiming compensation therefor. It does appear that he was unwilling to sign the compensation agreement for the reason that it made no provision for such injury, and that defendant's attorney wrote the commission about it, and that plaintiff signed after assurance by the commission that it would in no way preclude his right to receive further compensation for his other injuries.

This right was also discussed at the time the order was made for a lump sum settlement. Plaintiff testified:

"When I was down here asking for a lump sum settlement, I complained to the commissioner, and I asked him in regards to signing that, though I lost my leg. I told him at that time, and I told Mr. O'Connor that my back was injured, and I said, 'This won't stop me, if I am not able to work?' He said, 'At the end of 175 weeks,' the commissioner told me, 'we can open up your case again.'"

An unequivocal claim for compensation must be made (*Brown* v. *Weston-Mott Co.*, 202 Mich. 592). It need not be in writing. The reason plaintiff protested against the compensation agreement was because it contained no provision for compensation for the injury to his hip and back. That he made such a claim to defendant's attorney cannot be doubted. The omission of any reference to it in the writings was unfortunate, but in no way conclusive that the claim was not made. It could not have been acted upon by the commission until the time fixed in the

compensation agreement when the specific payments for the loss of the leg should expire. In our opinion plaintiff's claim was not barred by the statute.

The award is affirmed.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.