HAUTALA v. CASTILE MINING CO.

1. WORKMEN'S COMPENSATION—REPORT—COMPENSATION AGREEMENT —JURISDICTION—CHANGE OF CONDITION.

By employer's report of compensable accident and agreement for compensation it became subject to jurisdiction of department of labor and industry, including subsequent award upon a review and finding of change of condition of injured employee resulting from reported or notified injuries (2 Comp. Laws 1929, § 8431).

2. SAME—REPORT OF INJURY.

Employer subject to workmen's compensation act has duty to report nature and extent of injuries of which it is cognizant (2 Comp. Laws 1929, § 8456).

3. SAME—REPORT—SUBSEQUENTLY APPEARING CONSEQUENCES—LIMITATION OF ACTIONS.

After employer's report of injuries to employee's leg, consequences thereafter resulting from such injury was not a new claim of injury barred by the two-year statute of limitations of the workmen's compensation act (2 Comp. Laws 1929, § 8431).

4. SAME—SETTLEMENT RECEIPT—NOTICE—SUBSEQUENTLY APPEARING CONSEQUENCES—LIMITATION OF ACTIONS.

Award to employee on petition for further compensation is affirmed, where he received compensation for injury to leg and after unopposed approval of settlement receipt therefor filed instant petition for nervous shock, epilepsy, loss of memory and injury to leg resulting in total disability, and record contains evidence upon which department might conclude that notice had been given to employer of injury to head through metal miner's hat and of causal connection between leg injury and claimed epilepsy, notwithstanding over two years had elapsed between injury and instant petition (2 Comp. Laws 1929, § 8431).

5. SAME—FURTHER COMPENSATION—APPEAL—EVIDENCE TAKEN AFTER HEARING BEFORE DEPUTY.

In proceeding on petition for further compensation it was not error for commission to make order permitting the taking of additional testimony from both parties after appeal from the deputy commissioner and before hearing on review, where evidence taken was limited to claimed continuance of epileptic seizures after the appeal and before the hearing on review (2 Comp. Laws 1929, §§ 8442, 8450).

6. SAME—APPEAL AND ERROR—DEPARTMENT OF LABOR AND INDUSTRY —FINDINGS OF FACT CONCLUSIVE.

On appeal from the department of labor and industry the Supreme Court must accept findings of fact made below when supported by any evidence no matter whether against the great weight thereof or contrary to the court's sense of fitness (2 Comp. Laws 1929, § 8451).

Appeal from Department of Labor and Industry. Submitted January 18, 1935. (Docket No. 129, Calendar No. 38,122.) Decided April 8, 1935.

Seth Hautala presented his claim for compensation against the Castile Mining Co. for accidental injury received while in its employ. On petition for further compensation. Award to plaintiff. Defendant appeals. Affirmed.

*Harry K. Bay,* for plaintiff.

*Belmont Waples,* for defendant.

WIEST, J.  Plaintiff, a miner, while employed in defendant's mine on August 31, 1931, was struck by a mass of falling earth and rock, was rendered unconscious, his left knee was bruised and the head of the fibula cracked.  Report was made of the accident, giving the extent of the injuries as "left knee bruised and head of fibula cracked."  Compensation was by agreement.  January 2, 1932, plaintiff signed a settlement receipt and defendant made final report showing plaintiff had returned to work.  January 22, 1932, upon notice to plaintiff, and without any opposition, the settlement receipt was approved in accordance with Rule No. 29 of the commission's rules of practice and procedure, by the secretary of the commission and notice thereof given to defendant.  September 18, 1933, plaintiff filed a petition for further compensation, alleging that his condition had become worse, and he was suffering from nervous shock, epilepsy, loss of memory and the injury to his left leg, resulting in total disability.

Upon hearing before a deputy commissioner his petition for further compensation was denied.  Upon appeal the commission, on petition of plaintiff, granted leave to take additional testimony, this was done and thereafter the commission found plaintiff's condition worse; that he was totally disabled by reason of traumatic epilepsy, nervous shock and injured left leg, caused by the accident, and awarded full compensation.

At the time of the accident plaintiff was wearing a miner's metal hat.  It is claimed the falling mass struck the hat with sufficient force to dent it and

render him unconscious. Soon after the accident plaintiff claimed he had epileptic seizures and that the company doctor was aware of that fact, having witnessed some of them.

Upon review here, defendant contends that the first notice given of injury to the head and resulting epilepsy was in the petition for further compensation filed on September 18, 1933, and, therefore, for want of such claim within two years from the date of injury, it was barred by the statute. 2 Comp. Laws 1929, § 8431. That statute fixes a time limit for notice of injury and claim for compensation.

The report of the accident as compensable and the agreement for compensation subjected defendant to the jurisdiction of the department of labor and industry, inclusive of a subsequent award upon a review and finding of change of condition of plaintiff resulting from reported or notified injuries.

It was the duty of defendant to report the nature and extent of the injuries, of which it was cognizant.* No direct head injury was then visible.

Soon after the accident plaintiff claims he suffered epileptic seizures. There was testimony showing causal connection between the injury to plaintiff's leg and the claimed epilepsy.

A medical witness, called by plaintiff, was asked the following question on cross-examination:

"Granted that on December 6, 1931, he had recovered from this breaking of his left leg, the tibia and fibula, as described, and adding to that that he worked for the mine, doing heavy labor from December 7, 1931, to August, 1932, would you say that his present condition is attributable to the breaking of that leg?"

---

* See 2 Comp. Laws 1929, § 8456.—Reporter.

He answered: "Yes, I would."

The injury to the leg was reported by defendant and a consequence resulting from such injury thereafter was not a new claim of injury barred by the two-year statute.

Defendant's safety engineer testified that he made out the report of the accident and prepared the settlement receipt. He saw plaintiff about three hours after the accident. We quote the following from his testimony:

"*Q.* Did you report any head injury?

"*A.* Yes, sir.   *   *   *

"*Q.* Didn't you hear him say that his head hurt?

"*A.* No, sir.   *   *   *

"*Q.* Did you understand my question about any head injury?

"*A.* Yes, sir.

"*Q.* Did you ever report that Seth Hautala had received a head injury?

"*A.* No, sir."

*Question by the deputy commissioner:*

"As far as you recall, Mr. Brockbank, your investigation of the case—your conversation was through an interpreter—you had no information of a claimed head injury?

"*A.* None whatever."

Much or little can be made out of this testimony, depending upon consideration of a part only, or of it as a whole.

No visible injuries to the head were inflicted but if the impact on the hat covering the head rendered plaintiff unconscious, and was followed by immediate complaint of pain and headache, there was notice of injury affecting the head.

We think the peculiar circumstances here disclosed bring this case within our holding in *Wilkes*

v. *Railway Co.*, 234 Mich. 629, and the claim was not barred by the statute.

Defendant contends that it was error for the commission to permit additional testimony to be taken after appeal from the deputy and before the hearing on review by the commission. The commission has rule-making power. 2 Comp. Laws 1929, § 8442. Rule No. 16 of the department authorized the order. The statute, 2 Comp. Laws 1929, § 8450, also permitted the additional evidence. The additional evidence was limited to claimed continuance of epileptic seizures after the appeal and before the hearing on review, and the order permitted defendant to present evidence on the subject. No new cause was introduced but only continuation of the disability asserted at the hearing before the deputy.

We have here the usual variety of opinions by the expert medical witnesses. The writer of this opinion entertains the view that medicine is not an exact science and, for that reason, doctors disagree but, unless and until the legislature enlarges the scope of our review in compensation cases, we must accept the findings of fact by the commission, when supported by any evidence, no matter whether against the great weight thereof or contrary to our sense of fitness.

Defendant made a strong showing counter to plaintiff's claim of traumatic epilepsy, which was of avail before the deputy but not before the commission, and is barred from review here by the following provision of the statute:

"The findings of fact made by said industrial accident board (department of labor and industry) acting within its powers, shall, in the absence of fraud, be conclusive." 2 Comp. Laws 1929, § 8451.

We note, as interesting, the following testimony, given by an expert whom plaintiff visited at Mont-

real for examination, previous to the hearing before the deputy commissioner, and who was called to testify by defendant rather than by plaintiff. Before that hearing plaintiff's alleged seizures, covering a period of two years, had not been experienced in public, but in the privacy of his home. The expert testified:

"I consider this to be a case of far advanced tuberculosis and that this man is a total permanent disability. Regarding the claim of epilepsy, I doubt seriously that this man's seizures if any are truly epileptic. It is significant that they never happened when he was alone or when he was at work or when he was moving about. Epilepsy as you know, strikes without warning no matter what one may be doing. * * *

"Now, I know of no form of epilepsy which is so convenient, if you will, and so considerate of its victim, that it strikes him only when he is at rest, or when there is some one in the house, when he is not working and when he is not walking, and when there is no one around. That just does not click with me with true epilepsy."

It evidently did not "click" with the deputy commissioner. The "click," however, was tendered by the testimony, taken after the appeal, to the effect that, subsequent to the hearing before the deputy and while the plaintiff was working for the C. W. A., he had seizures in the presence of his fellow workmen.

We find no reversible errors of law and must, therefore, affirm the award. It is affirmed, with costs to plaintiff.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.