HERBERT *v.* LAKE SHORE & MICHIGAN SOUTHERN RAILWAY CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—NOTICE —SUFFICIENCY.
    An award of compensation by the industrial accident board, under the workmen's compensation law, unsupported by any evidence that the statutory notice required by section 15, part 2, of the act (2 Comp. Laws 1915, § 5445), was given by the injured employee or any one for him, or that the employer had notice or knowledge of the injury under section 18 (2 Comp. Laws 1915, § 5448), will be set aside by the appellate court on certiorari to review the award.

2. SAME—NOTICE TO INFERIOR SERVANT.
    Notice of an injury received by a yard conductor to a switchman, who was a subordinate employee, cannot be held to be notice to the employer, rendering the latter liable under the workmen's compensation act.

3. SAME—NOTICE—SUFFICIENCY.
    Testimony of a casual conversation between the injured employee and a superior, in which the fact of injury was mentioned, the exact time of which he was unable to fix, but which was at least seven or eight months after the alleged injury, *held,* insufficient notice of the injury to bind the employer under the workmen's compensation law.

4. SAME—FINDINGS OF INDUSTRIAL ACCIDENT BOARD—EVIDENCE— REVIEW.
    Findings of the industrial accident board, unsupported by competent evidence, are not binding upon the Supreme Court.

Certiorari to Industrial Accident Board. Submitted January 25, 1918. (Docket No. 85.) Decided March 27, 1918.

Catherine Herbert presented her claim for compensation against the Lake Shore & Michigan Southern Railway Company for the accidental death of her husband in defendant's employ. From an order awarding compensation, defendant brings certiorari. Reversed.

*Angell, Bodman & Turner* and *C. G. Dyer,* for appellant.

*Ralph S. Moore* and *P. L. Sawyer,* for appellee.

KUHN, J. Certiorari to the industrial accident board. The claimant is the widow of Oliver Herbert, deceased, a former employee of the Lake Shore & Michigan Southern Railway Company, the defendant and appellant herein. He had been employed as a switchman and yard conductor for a period of about 14 or 15 years, and in the capacity of yard conductor he had charge of the yard engine and the work done by it. During the year 1915 he had complained of a hernia to several employees, which fact was called to the attention of the claim agent of the defendant, who advised him to have an operation, which operation was subsequently performed, on January 22, 1916. It appears that the claimant had been addicted to the intemperate use of intoxicants, and after the operation delirium tremens resulted and lobar pneumonia followed, causing his death on January 25, 1916.

On May 11, 1916, a notice to the defendant of claim for injury was brought to the attention of the defendant by the industrial accident board, in which the date of the accident was given as November 8, 1914, and the nature of the injury as a severe strain causing hernia, which resulted in death on January 25, 1916. No notice of any injury had ever been given to the defendant in writing and this was the first notice that was served on it that any injury was claimed to have occurred on the day mentioned in the notice or that any claim for compensation was based thereon. Upon receipt of notice of this claim, the defendant advised the industrial accident board that it took the position that it was not liable to pay compensation. On December 9, 1916, an application for

adjustment of the claim was filed with the industrial accident board, in which the date of the alleged injury was given as on or about the 8th day of December, 1914. The committee of arbitration was duly formed in accordance with the provisions of the act, and the matter proceeded to a hearing on its merits. The date of the alleged injury was not shown definitely by the testimony, and in so far as it was shown, did not correspond either with the date given in the notice of injury or the application for arbitration. At the conclusion of the hearing before the committee on arbitration, the committee decided that the claimant was not entitled to receive or recover from the defendant any sum of money whatsoever, for the reason that no notice of the accident was given within three months; that the employer had no knowledge of the accident, and that there was no competent proof of an accident. An appeal having been taken to the full board, an order was duly entered that the award of the committee on arbitration be set aside and that the claimant receive and recover from the defendant compensation at the rate of $10 a week for a period of 300 weeks. The board, in support of its award, filed a comprehensive finding of facts and of their conclusions. The following finding of fact was made:

"That within three months, and in fact almost immediately, said employee reported the accident to his employer and made a claim against the employer for compensation under the workmen's compensation law."

In another portion of their findings the following is found:

"That he reported the accident to the proper official of the respondent company, at just what time does not appear, but we think he reported it at the proper time."

The workmen's compensation act (part 2, §§ 15, 18, 2 Comp. Laws 1915, §§ 5445, 5448) provides:

"SEC. 15. No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer three months after the happening thereof, * * *

"SEC. 18. * * * Want of such written notice shall not be a bar to proceedings under this act, if it be shown that the employer had notice or knowledge of the injury."

We have held that the notice referred to in section 16 is clearly the notice required by section 15 to be given, and that the word "within" must be supplied in section 15, making the section read:

"Unless a written notice of the injury shall have been given to the employer within three months after the happening thereof."

See *Purdy* v. *City of Sault Ste. Marie,* 188 Mich. 573.

We are unable to find in this record, nor has our attention been called to any facts by claimant's counsel, that would support the finding of the industrial accident board that notice was given to the employer within the statutory period, or that the employer had notice and knowledge of the injury within the period named in the act. It appears that the deceased mentioned his alleged injury to two employees of the defendant, one the witness Kelleher one and a half days after the alleged accident, and the other the witness Bennett some time in the summer or fall of 1915, after the alleged accident. It appears that Kelleher was not an officer of the company nor a proper person to whom to report the injury. The testimony is conclusive that he was working as a switchman under the deceased, who was acting as yard conductor, and, being a subordinate employee, notice to him cannot be held to be notice to the company. See *Armstrong* v. *Pickle Co.,* 197 Mich. 334; *Kutschmar* v. *Manufacturing Co.,* 197 Mich. 146. In reference to the witness Bennett, it appears that he was a general yardmaster, and conceding, for the purposes of this case,

that he was a proper person to whom a report of an injury should be made, the record seems to be undisputed that no report of an injury as such was ever made to him and that the only knowledge he had thereof was the result of a casual conversation with the deceased. It is true he was unable to fix the exact time, but at no place in his testimony does he say that this conversation or notice of the accident took place earlier than June, 1915, which makes it at least seven or eight months after the alleged injury, the only testimony concerning which showed that it occurred some time in October, 1914.

The finding of the board with reference to the time and sufficiency of the notice, finding no support in the record by competent evidence, is not binding upon this court. See *Armstrong* v. *Pickle Co., supra.* We are of the opinion that the arbitration board was correct in holding that there was no such notice, and that the industrial accident board erred in making the award.

The award must therefore be, and is hereby set aside.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.