JOHNSON v. BERGLAND LUMBER CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT — CLAIM BARRED WHERE NO NOTICE GIVEN WITHIN STATUTORY PERIOD.
A claim under the workmen's compensation act for the death of an employee from typhoid fever claimed to have been contracted in defendant's lumber camp, where deceased was employed, is barred under the statute (Comp. Laws Supp. 1922, § 5445) where no notice that he was so afflicted was given defendant or claim for his death made until nearly a year after he left the camp.[1]

Certiorari to Department of Labor and Industry. Submitted April 10, 1925. (Docket No. 56.) Decided May 14, 1925.

Anna Johnson and another presented their claim for compensation against the Bergland Lumber Company for the accidental death of their decedent in defendant's employ. From an order awarding compensation, defendant and the General Casualty & Surety Company, insurer, bring certiorari. Reversed, and order vacated.

*Derham & Derham* (*Alexander & Ruttle,* of counsel), for appellants.

*E. W. Massie,* for appellees.

SHARPE, J. In October, 1922, Matt Johnson was in the employ of the defendant lumber company at a camp about four miles from Bergland, where its saw-mill was located. About the eighth day of his employment, he "had diarrhœa and felt sick." He

[1] Workmen's Compensation Acts, C. J. § 102.
On time within which notice of injury and claim for compensation must be given or other steps taken under workmen's compensation acts, see notes in L. R. A. 1917D, 138; L. R. A. 1918E, 559.

continued work, however, but "was weak and had a high fever." He went to his home about 20 miles distant. He was too weak to work, and about a week later took to his bed. Dr. Florentine was called, and pronounced his ailment to be typhoid fever. In about three weeks he died. An award of compensation by the department of labor and industry is here reviewed by the defendants by certiorari.

Defendants insist that no notice that the deceased was afflicted with typhoid, or that his death was caused thereby, was given within the time (three months after the happening thereof) fixed by the statute (Comp. Laws Supp. 1922, § 5445).

In *Ames* v. *Lake Independence Lumber Co.*, 226 Mich. 83, 90, Mr. Justice STEERE, speaking for the court, said:

"This is a special statutory proceeding. The condition that the party sought to be charged must be given or have notice or knowledge of the accident within the limitation provided is a substantial, statutory right which when claimed may not be ignored either by a commission or court. *Podkastelnea* v. *Railroad Co.*, 198 Mich. 321; *Herbert* v. *Railway Co.*, 200 Mich. 566."

The finding of the board as to notice is thus stated:

"The testimony shows that at the time deceased left respondent's camp he informed the camp foreman that he did not feel well and was advised by the foreman to go home and come back when he felt better. At the time when deceased died Dr. Moll was requested by the president of the respondent employer to make an investigation of its camp and he did so, taking samples of the water to have them analyzed. Also the foreman of the camp was inoculated for typhoid fever. It would seem from the fact that respondent was informed that deceased had died of typhoid fever, together with its knowledge that other cases of typhoid had come from its camp and the investigation that was immediately started upon the death of deceased

that it had grounds to believe that the typhoid fever originated at their camp and so had notice and knowledge of the accident."

Dr. Moll, the health officer, testified that he took specimens of the water and sent them to the State chemist for analysis.    Nothing was said to him about the illness or death of Johnson in connection therewith.    He also testified that there was an epidemic of typhoid in that county that fall and that three other men who had worked in the camp were so afflicted.

A careful reading of the record fails to disclose any proof "that respondent was informed that deceased had died of typhoid fever," or that its foreman or any of the officers of the company knew that he was so afflicted.    The first direct notice that the employer received of the death of Johnson, or that claim for compensation would be made, was on September 29, 1923, nearly a year after he left the camp.    The delay in giving such notice was much greater than in the *Ames Case,* and in our opinion bars recovery.

The award is vacated and set aside.

MCDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.