ANDERSON *v.* FORD MOTOR COMPANY.

1. Workmen's Compensation—Subsequently Appearing Disability—Limitation of Actions.

Employee who suffered injury to eye in March, 1923, resumed work after two days and kept his eye covered for some time, remained with employer until March, 1933, and filed claim for compensation in April, 1934, for loss of the eye during 1928 *held*, not entitled to recover therefor in view of provision in statute permitting valid claim to be made for subsequently appearing disability or incapacity only within two years from date accidental injury was sustained (2 Comp. Laws 1929, § 8431).

2. Same—Foreign Corporations—Limitation of Actions.

Employee's contention that employer, a foreign corporation, could not advance two-year limitation of workmen's compensation act as defense in proceedings to recover compensation because it had not shown itself amenable to process in this State *held*, not tenable in view of admission in record that both employer and employee were subject to that act (2 Comp. Laws 1929, § 8431).

Appeal from Department of Labor and Industry. Submitted June 7, 1935. (Docket No. 58, Calendar No. 38,262.) Decided December 10, 1935.

John W. Anderson presented his claim against Ford Motor Company for compensation for accidental injury to eye, received while in defendant's employ. Award to plaintiff. Defendant appeals. Reversed.

*Derham & Derham,* for plaintiff.

*Chas. D. Symonds* and *Ray E. MacAllister,* for defendant.

NORTH, J.  On March 27, 1923, the plaintiff, while in the employ of the defendant, was injured by something falling over the saw at which he was working and striking him in his left eye.  He received first aid and later in the day was sent to the defendant's doctor and his eye treated and a bandage placed on it.  He quit work for two days and then resumed it with his eye covered for some time.  He remained in the employ of the defendant until March 8, 1933. The defendant filed a report of noncompensable accident, April, 1923.

On April 23, 1934, the plaintiff filed a claim for compensation with the department of labor and industry for the loss of his left eye.  A hearing was had before a deputy commissioner and he was awarded compensation in the sum of $14 per week for 100 weeks.  On review by the department the award was affirmed on November 9, 1934.  The defendant has appealed therefrom.

The injury to his eye which plaintiff sustained in 1923 did not incapacitate him from earning full wages except for two days.  He was not entitled to compensation therefor.  2 Comp. Laws 1929, § 8419. This award was for plaintiff's loss of an eye.  He fixed the time of this loss as "the middle of 1928." This was between four and five years after the accident.  The workmen's compensation act provides:

*"Provided, however,* That in all cases in which the employer has been given notice of the injury, or has notice or knowledge of the same within three months  after the happening thereof, but the actual injury, disability or incapacity does not develop or make itself apparent within six months after the happening of the accident, but does develop and make itself apparent at some date subsequent to six months after the happening of the same, *claim for*

*compensation* may be made within three months after the actual injury, disability or incapacity develops or makes itself apparent to the injured employee, *but no such claim shall be valid or effectual for any purpose unless made within two years from the date the accidental personal injury was sustained.*" 2 Comp. Laws 1929, § 8431.

The statutory provision is clearly a bar to plaintiff's claim for an award. This defense was specifically made in defendant's denial of liability, and is urged on this appeal. The award was in contravention of the statute.

It is contended in appellee's brief that since the defendant company is a foreign corporation and did not prove that it was amenable to process in Michigan, it cannot urge the statutory limitation as a defense, citing and by analogy relying upon decision in the assumpsit case of *McLaughlin* v. *Ætna Life Ins. Co.*, 221 Mich. 479. Appellee's contention cannot be sustained. It is admitted in the record in the instant case "that both the employer and the employee were subject to the compensation law." The statutory limitation hereinbefore noted is a part of the compensation act to which each of these parties is subject.

The award of the department of labor and industry will be vacated, with costs to appellant.

POTTER, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.

The late Justice NELSON SHARPE took no part in this decision.