LITTLETON *v.* GRAND TRUNK RAILWAY COMPANY, INC.

1. WORKMEN'S COMPENSATION—FINDING OF DEPARTMENT.

On appeal from department of labor and industry, Supreme Court accepts finding of department that employee did have a conversation with his immediate superior about six weeks after the accident in which mention was made of injury for which compensation is sought in proceeding commenced nearly three years later.

2. SAME—NOTICE OF ACCIDENT—CLAIM FOR COMPENSATION—REPORTS—LIMITATION OF ACTIONS.

An employee who fails to give proper notice of injury within three months and make claim for compensation within six months after an accident cannot recover compensation therefor unless the employer had notice or knowledge of the accident and failed to make a report to the department (2 Comp. Laws 1929, § 8431).

3. SAME—NOTICE OF INJURY—CASUAL CONVERSATION WITH IMMEDIATE SUPERIOR.

Casual conversation with employee's immediate superior about six weeks after alleged injury, in which talk the employee stated he was not feeling well and wondered whether it was caused by an injury but did not describe the accident in detail *held,* not such a notice to employer as to put it on inquiry (2 Comp. Laws 1929, § 8431).

4. SAME—NOTICE—PURPOSE.

Notice to an employer of an injury to an employee may be oral or written and must be of such a nature as reasonably to inform employer that employee has sustained a compensable accident, since the purpose of the notice is to give employer an opportunity to examine into the alleged accident while the facts are accessible and also to employ physicians or surgeons to care for employee so as to speed his recovery and minimize the loss (2 Comp. Laws 1929, § 8431).

Appeal from Department of Labor and Industry. Submitted April 28, 1936. (Docket No. 128, Calendar No. 38,912.) Decided June 11, 1936.

Fred J. Littleton presented his claim against Grand Trunk Railway Company, Inc., for compensation for injuries suffered while in defendant's employ. Award to plaintiff. Defendant appeals. Reversed.

*Floyd T. Schermerhorn*, for plaintiff.

*Walsh, Walsh & O'Sullivan*, for defendant.

Butzel, J. Plaintiff, who in 1923 entered defendant's employ, claims that on November 26, 1930, he was bumped "between an air hammer and an iron post" and thus received a bruise on his left leg about 8 or 10 inches above the knee; that when he rose in the morning of the next day the leg was "a little sore," but that in an hour the soreness was gone; that there was a small blue spot on the leg. According to his statement, he had no immediate trouble with his leg except a "little soreness" and he worked continuously after the accident until August 7, 1931, when he absented himself on account of rheumatism. He first consulted a doctor in May, 1931, almost six months after the accident, and was given liniment to rub on his leg. He returned to work on October 6, 1931, but on April 1, 1932, he again absented himself on account of rheumatism. On June 3, 1932, while still on sick leave, he was laid off by defendant when it made a general reduction in its force. The record indicates that except for these two long intervals and a few additional days, he attended to his work without inter-

ruption. He showed a limp at times, but the record fails to show when. On April 18, 1932, while on sick leave and shortly before his ''lay-off,'' plaintiff went to Ann Arbor where an operation was performed on his left leg, the doctor diagnosing his trouble as osteomyelitis. On March 16, 1933, he presented himself for employment, stating that he was able, willing and ready to work, but defendant would not re-employ him on account of his previous physical ailments. On August 11, 1933, in a letter signed by him and addressed to the shop superintendent, he offered to waive all claim for compensation if he were again employed. He stated that he had made no previous request for compensation because of the ''lateness of making a report.'' Upon the company's refusal to re-employ him, he applied for compensation and was granted an award both by the deputy commissioner and the full department.

On appeal defendant makes the following claims of error: that the notice, alleged by plaintiff to have been given about six weeks after the accident, was not in proper form, and was not sufficient to give defendant any knowledge of the accident; that it was not given to a person in authority; that the physician who testified in plaintiff's favor did so in response to a hypothetical question that included an important statement of fact wholly unsupported by the testimony; that the award is based upon the opinion of the department which also contains statements of fact that cannot be found in the record; that even if plaintiff were entitled to compensation, the computation was not in accordance with the law. We shall only discuss the first claim of error. Plaintiff was one of six or eight men working in the car

shops of defendant under the charge of one Andrew Howison. There were about 125 men employed in the shops when in full production. There were regularly present a foreman and an assistant foreman. Plaintiff concedes that the only notice he gave of the accident was in a casual conversation with Howison about six weeks after the accident. Plaintiff's exact words are as follows:

"I was coming through the freight house, he was sitting in the freight house and asked me how I felt. I said, 'not so good,' and I said, 'I got bumped with that machine the day before Thanksgiving and wondered if that had anything to do with it.'"

Howison denies that the conversation ever took place. We accept the finding of the department that there was such a conversation.

Another witness testified that he knew that plaintiff "got pinched two or three different times" though he could not identify the dates. On October 9, 1931, plaintiff received a severe bruise on his thumb and reported the accident. He knew and followed the regular practice of an employee to sign a report of an accident. Except for the conversation hereinbefore quoted, the company received no notice of the accident or claim of compensation until August 11, 1933, almost three years after the accident.

Obviously, plaintiff cannot recover if proper notice was not given within three months and a claim for compensation made within six months after the accident, unless defendant had notice or knowledge of the accident and failed to make a report to the department. See 2 Comp. Laws 1929, § 8431. There is no showing that defendant had either such notice or knowledge. In his conversation with

Howison, plaintiff only stated that he wondered whether the bump he received from a machine the day before Thanksgiving had anything to do with him not feeling well. He gave no details of the accident or how or where he was bumped. It was not such a notice as would reasonably put an employer on inquiry. The provision of the law that timely notice must be given is purposeful and while no niceties of expression are required and the notice may be oral or written, it must be of such a nature so as reasonably to inform the employer that the employee has sustained a compensable accident; it requires more than a casual conversation in which the employee states that he is not feeling well and expresses his wonder whether it was caused by an injury, of which the details are lacking. The purpose of the notice is to give the employer an opportunity to examine into the alleged accident and injury while the facts are accessible and also to employ skilled physicians or surgeons to care for the employee so as to speed his recovery and minimize the loss. See *Podkastelnea* v. *Railroad Co.,* 198 Mich. 321; *Herbert* v. *Railway Co.,* 200 Mich. 566; *Johnson* v. *Bergland Lumber Co.,* 231 Mich. 34.

The award is vacated, with costs to defendant.

NORTH, C. J., and FEAD, WIEST, BUSHNELL, and TOY, JJ., concurred. EDWARD M. SHARPE, J., did not sit. POTTER, J., took no part in this decision.