WEENINK *v*. ALLEN ELECTRIC & EQUIPMENT CO.

1. WORKMEN'S COMPENSATION—EVIDENCE—INFERENCES—CREDIBILITY OF WITNESSES.

In proceeding under the workmen's compensation act, where plaintiff, while working was admittedly injured in the right leg and claims his left leg was injured at the same time, and testimony as to whether notice of injury to the left leg was in conflict, the conflict, inferences to be drawn from the testimony and credibility to be given testimony of the witnesses were for the department of labor and industry.

2. SAME—EVIDENCE—BURDEN OF PROOF—SUPREME COURT.

Since the department of labor and industry is the sole trier of the facts in proceedings to recover workmen's compensation, the Supreme Court does not weigh the evidence to determine when plaintiff has met his burden of proof.

3. SAME—MEDICAL TESTIMONY.

In proceeding to recover workmen's compensation for injury to left leg, medical testimony that injury *could* have resulted from bump or bruise as claimed by plaintiff *held*, sufficient.

4. SAME—INCOMPLETE REPORTS—LIMITATION OF ACTIONS.

In proceeding to recover compensation for injury to left leg, claimed to have been received and proper notice given to employer at same time as injury to right leg which employer reported as noncompensable, employer *held*, not entitled to advance defense of six months' statute of limitations as to filing claim (2 Comp. Laws 1929, §§ 8431, 8456, subds. a, c).

Appeal from Department of Labor and Industry. Submitted April 17, 1936. (Docket No. 127, Calendar No. 38,822.) Decided September 2, 1936.

Don E. Weenink presented his claim against Allen Electric & Equipment Company, employer, and State Accident Fund, insurer, for compensation for

accidental injuries suffered while in defendant's employ. Award to plaintiff. Defendants appeal. Affirmed.

*Lucien F. Sweet* (*James B. Stanley*, of counsel), for plaintiff.

*Roy Andrus*, for defendants.

Bushnell, J. On August 22, 1934, plaintiff suffered an accidental injury arising out of his employment and on the same day was treated by the defendant's physician, Dr. Aach. He returned to work August 27th and received further medical attention until September 11th. A noncompensable report reading "cut on right leg just above knee on sharp corner of sheet steel," was filed on August 30th. Appellee was laid off some time later because of lack of work.

April 12, 1935, plaintiff filed a notice and application for adjustment of claim, alleging that injuries to his left leg were received in the same accident. He claims that he bumped his left shin bone above the ankle and that the bruise which followed resulted in an infection. The ulcer was still oozing pus at the hearing before the deputy on May 9th. He testified that this injury was reported to his foreman, shop superintendent and the defendant's doctor, and that he treated the leg himself until it became necessary to consult his own physician, Dr. Huyser, on February 10th.

Both the foreman and the superintendent denied that they were informed about the injury to the left leg. Dr. Aach said he did not observe any ulcer on the left leg until April 23rd, nor did he remember having had his attention previously called to

any injury to this limb, exeept the scar tissues from an old accident which occurred in 1924.

Plaintiff's physician, Dr. Huyser, stated that the condition he found on February 10th *could have* resulted from the bump and bruise. He testified that Weenink is unable to do manual labor or work of any kind; that skin grafting will hasten recovery although the leg should eventually heal without grafting if kept elevated to improve circulation.

The deputy commissioner's award of $9.60 a week for total disability from February 10, 1935, was affirmed on appeal by the department.

Appellants say the record does not show any competent evidence of the injury to the left leg; that notice of this injury was not given by plaintiff within three months thereof and since the claim for compensation was not made within six months, the award should be vacated.

It is argued that the testimony must show that in the opinion of the medical witness the injury *"did"* cause the ulcer and it is not sufficient that it *"might"* or *"could"* cause the present condition.

The department may draw inferences from the facts and circumstances and if we are to determine when the plaintiff has met the burden of proof, we must try the facts. The department is the sole trier of the facts and we do not weigh the evidence. *Glenn* v. *McDonald Dairy Co.,* 270 Mich. 346.

The medical testimony conformed to the rule of *DeGroot* v. *Winter,* 261 Mich. 660. See, also, *Cosendai* v. *Piggott Bros.,* 231 Mich. 544. The department accepted plaintiff's testimony regarding the source and notice of the injury. The credibility to be given the testimony of witnesses lies with the department. *Morse* v. *Railroad Co.,* 251 Mich. 309. Both the conflict of testimony and its inferences are

matters for the department. *Marshall* v. *Baker-Vawter Co.*, 206 Mich. 466.

Defendant's report of the accident is silent as to the injury to the left leg and under plaintiff's contention that actual notice of this injury was given, it necessarily follows that appellant's failure to make a complete report as required by 2 Comp. Laws 1929, § 8456, subds. a, c, takes away the benefit it might otherwise have claimed from the six months' period of limitation on plaintiff's right to arbitration. 2 Comp. Laws 1929, § 8431.

We said in *Wilkes* v. *Railway*, 234 Mich. 629:

"It was the duty of the defendant to report to the commission 'the nature and extent of the injury fully and in detail,' on the eighth day after the occurrence of the accident of which it had notice, and its neglect to do so is a bar to its right to raise the defense of the statute of limitations relied on by defendant. Section 17 of part 3 of the amendment of 1919 (Comp. Laws Supp. 1922, § 5470*) above referred to. The report of the doctor to the defendant and that of the defendant to the commission should have stated that the plaintiff sustained an injury to his hip and back as well as to his leg."

And in *Monk* v. *Charcoal Iron Co. of America*, 246 Mich. 193:

"Further complaint is made that no notice of the injury was given to the defendant and no claim for compensation was made within the time provided by the statute. On the question of notice, the commission's finding is supported by evidence and is therefore conclusive. As to the failure to claim compensation within the statutory period, the defendant can have no advantage therefrom because it did not file a report of accidental injury. *Wilkes* v. *Railway*, 234 Mich. 629."

---

* See 2 Comp. Laws 1929, § 8456.—Reporter.

See, also, *Beer* v. *Brunswick Lumber Co.*, 257 Mich. 542.

The award is affirmed, with costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.