PARIDEE v. GREAT ATLANTIC & PACIFIC TEA CO.

1. WORKMEN'S COMPENSATION—STATUTE OF LIMITATIONS—REPORTS —CLAIMS.

Recovery under the workmen's compensation act is barred where employee fails to make claim for compensation within two years from the date of the injury unless the statute is tolled for failure of the employer to file a report of the accident as required by the statute (2 Comp. Laws 1929, § 8431).

2. SAME—REPORTS.

Although an employer actually loses no time as the result of an injury, if the employer knows it is disabling and compensable, he must report it as compensable (2 Comp. Laws 1929, §§ 8431, 8456).

* See 12 USCA, § 811 *et seq.*—REPORTER.

3. SAME—HERNIA.

The workmen's compensation law of this State does not declare a hernia compensable *ipso facto*, hence it is compensable only if and when it wholly or partially incapacitates the employee from work (2 Comp. Laws 1929, § 8407 *et seq.*).

4. SAME—NONCOMPENSABLE REPORTS.

A noncompensable report of accident from which no incapacity appeared for seven days *held*, proper (2 Comp. Laws 1929, § 8456).

5. SAME—HERNIA—NONCOMPENSABLE REPORT—EVIDENCE—STATUTE OF LIMITATIONS.

Testimony of doubtful medical opinion, taken three years after an accident, and made sure only by an operation, *held*, insufficient to charge employer with knowledge, three years before, that a hernia then existed and render noncompensable report of "slight impulse of left inguinal ring—no subjective pain" insufficient so as to have statute of limitations tolled against it for failure to ascertain and set up all its effects and anticipate future developments when employee makes no claim of incapacitating injury or for compensation (2 Comp. Laws 1929, §§ 8431, 8456).

6. SAME—REPORTS—DESCRIPTION OF INJURY.

The report of an accident must set up the injury with such particularity of location and effect, known to the employer, as to indicate its nature and to identify it for the purpose of the compensation law (2 Comp. Laws 1929, § 8456).

Appeal from Department of Labor and Industry. Submitted October 6, 1936. (Docket No. 13, Calendar No. 38,977.) Decided December 9, 1936. Rehearing denied January 20, 1937.

Sherman Paridee presented his claim against Great Atlantic & Pacific Tea Company, a corporation, for compensation for personal injuries sustained while in its employ. From award to plaintiff, defendant appeals. Reversed.

*Patrick H. O'Brien* (*Daniel P. O'Brien,* of counsel), for plaintiff.

*Charles R. Fox,* for defendant.

FEAD, J.   February 27, 1932, plaintiff, defendant's employee, slipped while carrying a hind quarter of beef.   He reported the occurrence to his supervisor and was referred to Dr. Drescher.   Plaintiff lost no time from work but continued in defendant's employ until March 20, 1935, when he was granted a leave of absence for illness.

After examining plaintiff, Dr. Drescher reported to defendant that plaintiff "has slight impulse left inguinal region; no subjective pain."

March 5th, defendant filed a noncompensable report stating the nature and cause of the injury as—

"Carrying hind of beef from hanging scale to cooler—slipped, causing pain in groin—slight impulse of left inguinal ring—no subjective pain at time of exam."

Plaintiff said the doctor told him he had a tear in the muscle and an injured ring on the left side.

Plaintiff made no claim for compensation until the spring or summer of 1935.   At that time he again consulted Dr. Drescher, who found the left inguinal ring slightly enlarged but did not think there was a hernia.   Plaintiff consulted Dr. Mendelsohn, who thought there might be a hernia but was not very sure of it.   On later examination, with more pronounced symptoms, Dr. Mendelsohn became convinced of the existence of a hernia, called in other doctors who agreed with him, and an operation was had which disclosed that plaintiff was suffering from a hernia, probably a year and a half or two

years old and possibly of three or more years duration.

Plaintiff filed application for compensation on July 29, 1935. The deputy commissioner denied recovery but, on appeal, the department awarded compensation for total disability from March 21, 1935.

Under 2 Comp. Laws 1929, § 8431, a statute of limitations, recovery is barred for plaintiff's failure to make claim for compensation within two years from the date of the injury, *Anderson* v. *Ford Motor Co.*, 273 Mich. 522, unless the statute was tolled for failure of the employer to file a report of the accident "as required by the provisions of this act." (Section 8431).

2 Comp. Laws 1929, § 8456, provides:

"(a)   In all cases in which the injured employee is injured so slightly that he loses no time, or little time, or returns to work within seven days, the employer shall on the eighth day after the occurrence of the accident make and send to the industrial accident board * a report of said accident in which shall be stated * * * the nature of the injury."

If, however, and although the employee actually loses no time, the employer knows that the injury is disabling and compensable, he must report it as compensable. *Pritchard* v. *Ford Motor Co.*, 276 Mich. 246.

Plaintiff contends the report made in this case was insufficient (1) because it should have been a compensable report, and (2) because, by failure to mention a hernia, it did not set up the "nature and extent of the injury fully and in detail."

---

* The powers and duties of the industrial accident board have been transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312.—Reporter.

Unlike the compensation laws of some other states, our statute * does not declare hernia compensable *ipso facto.* Therefore, it is compensable if and when it wholly or partially incapacitates the employee from work. Where, as here, no incapacity appears during the first seven days after the accident, a noncompensable report is proper. *Hirsch* v. *Federal Steel Corp.,* 274 Mich. 406; *Tinney* v. *City of Grand Rapids,* 274 Mich. 364. No incapacity thereafter was brought to the attention of the employer within the two-year period of limitations, requiring further report.

When a compensable report is required, the statute provides it shall state "the nature and extent of the injury fully and in detail." 2 Comp. Laws 1929, § 8456 (a). As to noncompensable accidents, the report must state "the nature of the injury" (§ 8456 [b]). In accordance with the statute, the noncompensable report blank furnished by the department of labor and industry required a statement of the "nature and cause of injury." There seems to be some reason for the difference in the language of the statute as applied to the different reports, but we need not enlarge upon it here.

The statute clearly contemplates that the employer shall make report of all the injuries to the employee, known to him, and that the statute of limitations does not run as to an injury not reported. *Green* v. *Buick Motor Co.,* 201 Mich. 86 (two fingers amputated and third finger injured and the latter not mentioned in compensable report); *Wilkes* v. *Railway,* 234 Mich. 629 (injury to leg, hip and back and only hurt to leg named in compensable report). The ruling applies also to noncompensable reports, *Weenink* v. *Allen Electric & Equipment Co.,* 276

---

* 2 Comp. Laws 1929, § 8407 *et seq.*—Reporter.

Mich. 561 (both legs hurt and only injury to right leg stated in noncompensable report).

None of these cases is in point. They deal with distinct injuries to different parts of the body, although arising from the same accident. At bar, there was only one injury.

Assuming that there is testimony to support a finding of fact that a hernia resulted from the accident, it does not appear that defendant or its doctor knew or was advised of it when the report was filed. Testimony of doubtful medical opinion, taken three years after the accident and made sure only by an operation, would not charge an employer with knowledge, three years before, that a hernia then existed. Moreover, it would be wholly unreasonable to construe the statute as requiring the employer, particularly in reporting a noncompensable accident, to ascertain and set up all of its effects or to anticipate future developments on peril of having the statute of limitations tolled against him, when the employee makes no claim of incapacitating injury or for compensation.

The reasonable and workable construction is that the report must set up the injury with such particularity of location and effect, known to the employer, as to indicate its nature and to identify it for the purpose of the compensation law. The report at bar conformed to the statute.

Reversed and award vacated.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.