# JUNE SESSION, 1966.

CIBOR *v.* FABRICON PRODUCTS COMPANY.

WORKMEN'S COMPENSATION—LOSS OF INDUSTRIAL USE OF HAND—RE-
PORT OF INJURY.
  Claim for additional workmen's compensation for loss of indus-
  trial use of right hand and general disability, filed almost
  10 years after the duly reported injury for which claimant
  heretofore had been paid compensation for specific loss of
  4 fingers of the same hand, and no change in his physical
  or working condition had taken place, *held*, barred, where
  report of injury was accurate in all details and plaintiff had
  not made claim for additional compensation in accordance
  with the statute (CLS 1961, § 412.15).

Appeal from Workmen's Compensation Appeal
Board.  Submitted Division 1 October 5, 1965, at
Detroit.  (Docket No. 104.)  Decided June 14, 1966.
Leave to appeal granted by Supreme Court August
16, 1966.  See 378 Mich 727, 379 Mich 229.

John Cibor was paid workmen's compensation
voluntarily by Fabricon Products Company and Con-
tinental Casualty Company for the loss of four
fingers of the right hand.  Plaintiff filed an applica-
tion for hearing and adjustment of claim alleging
industrial loss of the hand and general disability.
Compensation awarded for loss of hand and denied
as to general disability.  Award affirmed by work-
men's compensation appeal board.
  Defendants appeal.  Reversed.

REFERENCES FOR POINTS IN HEADNOTE
58 Am Jur, Workmen's Compensation §§ 499, 501, 510, 514.

*Rothe, Marston, Mazey, Sachs & O'Connell (Bernard M. Fried,* of counsel), for plaintiff.

*Alexander, Buchanan & Conklin (S. Gerard Conklin,* of counsel), for defendants.

J. H. GILLIS, J. Plaintiff John Cibor was injured on May 25, 1951, while operating a punch press for his employer Fabricon Products Company. The injury resulted in the loss of four fingers on his right hand, for which he was voluntarily paid compensation by defendant Continental Casualty Company, his employer's insurer, based on the specific loss of four fingers. Defendant Fabricon Products Company filed a report of the accident with the workmen's compensation department. Plaintiff returned to selected work in late 1951. After the plaintiff was paid the statutory amount for the specific loss of four fingers, he filed an application for further compensation on January 8, 1953. The defendant-employer filed a notice of defenses and proof of service. On March 12, 1954, the application for hearing and adjustment of claim for compensation was withdrawn by plaintiff's counsel.

Plaintiff, on January 10, 1961, more than 500 weeks after the injury, filed an application for hearing and adjustment of claim alleging the industrial loss of use of his right hand and general disability resulting from the accident of May 25, 1951. No change in his physical or working condition had taken place since his return to selected work. The hearing referee awarded the statutory compensation for industrial loss of a hand and denied compensation for general disability as there was no wage loss shown to have existed for one year prior to the date of the application. On appeal the workmen's compensation appeal board affirmed the referee's decision.

This Court must determine whether the workmen's compensation act bars a claim for compensation for loss of the industrial use of a hand filed in the workmen's compensation department almost 10 years after the injury, for which claimant heretofore had been paid compensation for the specific loss of four fingers of the same hand.

The defendant-employer timely filed the required basic report of compensable injury and paid the statutory compensation for the specific loss set forth in its report filed pursuant to the requirements of part 2, § 15, of the workmen's compensation act.[1] In plaintiff-appellee's brief, under the counterstatement of facts, he states: "The employer's basic report adequately described the injury as: 'The loss of all fingers except the thumb, and entire hypothenar.' "

The plaintiff now contends that the defendant's report was inaccurate and faulty in that it did not specify that the plaintiff had suffered the industrial loss of his hand. It is sufficient to say at this time that the employer's report, in addition to specifying the loss of four fingers, was accompanied by a diagram drawn by Dr. Harold B. Leppink, M. D., certifying the points of amputation. The defendant-employer fulfilled the requirements of the act.

Perhaps at this time it would be well to state that the factual situation in this case can readily be distinguished from the recent case of *Autio* v. *Proksch Construction Company* (1966), 377 Mich 517. In the *Autio Case* the appeal board found that the defendant-construction company had failed to file an accurate report of the loss claimed by the plaintiff Autio. In the instant case no such finding was made by the board. While it is true that an

---

[1] CLS 1961, § 412.15 (Stat Ann 1960 Rev § 17.165), since amended by PA 1965, No 44 (Stat Ann 1965 Cum Supp § 17.165).

inaccurate or incomplete report tolls the statutory limitational period provided by CLS 1961, § 412.15 (Stat Ann 1960 Rev § 17.165), since amended by PA 1965, No 44 (Stat Ann 1965 Cum Supp § 17.165), the record in the instant case shows that the report was accurate in all details. True, in the report, the employer did not arrive at a conclusion that as a result of the loss of four fingers, the plaintiff suffered the industrial loss of a hand. An example of an inaccurate report would be that set forth in *Weenink* v. *Allen Electric & Equipment Co.* (1936), 276 Mich 561, where the report filed by the employer set forth an injury to a leg but failed to make any mention of an injury to a hip and back.

The instant case is not one where a further condition developed which was not apparent at the time of the original injury. If the injured employee disputed the propriety of the payments, it was incumbent on him to file a claim as required by part 2, § 15, of the workmen's compensation act, *supra*.

Reversed. Costs to appellants.

LESINSKI, C. J., and FITZGERALD, J., concurred.