### CIBOR *v.* FABRICON PRODUCTS COMPANY.

1. WORKMEN'S COMPENSATION—FILING OF CLAIM—LIMITATION OF ACTION.

    The general 6-year statute of limitations does not apply to proceedings to obtain workmen's compensation (CL 1948, § 411.1 *et seq.*, as amended; CLS 1961, § 609.13).

2. SAME—INJURY—EMPLOYER'S REPORT—ACCURACY—LIMITATION.

    The report of an accident made under the workmen's compensation act must set up the injury with such particularity of location and effect, known to the employer, as to indicate its nature and to identify it for the purpose of the compensation act, and failure of the report in these respects is a bar to the employer's right to raise the defense of the 6 months' statute of limitations (CLS 1961, § 412.15).

3. SAME—EMPLOYER'S REPORT OF INJURY—SUFFICIENCY—LIMITATION OF ACTION.

    Initial report by employer to workmen's compensation commission which set forth a "crushing injury to the right hand," when the actual injury suffered by employee was the loss of 4 fingers of the right hand, *held*, not to set forth the nature and extent of the injury fully and in detail, so as to start the workmen's compensation act statute of limitations running against employee's claim (CLS 1961, § 412.15).

4. SAME—EMPLOYER'S REPORT—CURE OF INSUFFICIENCY.

    Defective report by employer to workmen's compensation commission which set forth a "crushing injury to the right hand" when the actual injury suffered by employee was the loss of 4 fingers of the right hand *held*, not cured by accurate report

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 411.
   Applicability of general statute of limitations to action or proceeding under workmen's compensation acts. 16 ALR 462, 40 ALR 495.
[2–4] 58 Am Jur, Workmen's Compensation § 326.

made 2 years later by employer upon giving notice of stopping of compensation payments, so as to start statute of limitations in workmen's compensation act running against employee's claim for loss of hand (CLS 1961, § 412.15).

Appeal from Court of Appeals, Division 1; Lesinski, C. J., Fitzgerald and J. H. Gillis, JJ., reversing Workmen's Compensation Appeal Board. Submitted January 5, 1967. (Calendar No. 3, Docket No. 51,533.) Decided June 6, 1967.

3 Mich App 405, reversed.

John Cibor was paid workmen's compensation voluntarily by Fabricon Products Company and Continental Casualty Company for loss of 4 fingers of the right hand. Plaintiff presented his claim for industrial loss of the hand and general disability. Compensation awarded for loss of hand and denied for general disability. Award affirmed by Workmen's Compensation Appeal Board. Award reversed by Court of Appeals. Plaintiff appeals. Reversed, and award of Workmen's Compensation Appeal Board affirmed.

*Rothe, Marston, Mazey, Sachs & O'Connell (Bernard M. Freid,* of counsel), for plaintiff.

*Alexander, Buchanan & Conklin (S. Gerard Conklin* and *John P. Ottaway, Jr.,* of counsel), for defendants.

KELLY, J. Appellant seeks reversal of the Court of Appeals' decision[1] that the workmen's compensation appeal board erred in granting plaintiff statutory compensation for loss of a hand.

---

[1] 3 Mich App 405.

June 2, 1953, defendants filed form 102 with the workmen's compensation commission alleging that as a result of plaintiff's May 25, 1951, injury which resulted in the loss of four fingers, they had paid plaintiff 103 weeks of compensation, had arrived at the end of statutory liability and were, therefore, stopping further compensation payments.

January 10, 1961, plaintiff filed an "Application for Hearing and Adjustment of Claim" for loss of his right hand as a result of his May 25, 1951, injury.

Defendants did not contest the fact that the May 25, 1951, injury resulted in the loss of the hand, but claimed plaintiff was barred from recovery because (1) of the general 6-year statute of limitations,[2] and (2) that plaintiff's claim was an application for further compensation.

The workmen's compensation appeal board, in granting plaintiff compensation for 200 weeks for the loss of a hand with defendants receiving credit for the 103 weeks they had paid for the loss of the four fingers, said:

"In our opinion, the petition for loss of industrial use of his hand is covered by part 3, § 6 (CL 1948, § 413.6 [Stat Ann 1960 Rev § 17.180]), which reads as follows:

" 'Any controversy concerning compensation shall be submitted to the compensation commission. Neither the payment of compensation nor the accepting of the same by the employee or his dependents, nor the signing of receipts therefor, shall be considered as a determination of the rights of the parties under this act.'

"The finding of industrial loss of use of the hand by the hearing referee is, in our opinion, simply a determination of the plaintiff's rights under the

---

[2] CLS 1956, § 609.13 (Stat Ann 1959 Cum Supp § 27.605). See currently, CLS 1961, §§ 600.5807, 600.5813 (Stat Ann 1962 Rev §§ 27A.5807, 27A.5813).—REPORTER.

above statute as of the time of injury. Since the defendant did not fully comply with the statute by paying compensation due for the loss of a hand, as heretofore found by us, we do not believe that it may now raise, as a barrier to the claim, the general statute of limitations. See *Samels* v. *Goodyear Tire & Rubber Co.*, 323 Mich 251."

Defendants urged the same two defenses before the Court of Appeals, and a dispute arises in the appeal to this Court as to what reason dominated the Court of Appeals' decision in reversing the workmen's compensation appeal board.

Plaintiff claims the Court of Appeals denied compensation for the loss of a hand because of the general 6-year statute of limitations.

Defendants insist that the Court of Appeals failed to answer defendants' claim that the workmen's compensation department does not have the power to enter an award of compensation for a period of time antedating a petition for further compensation by more than six years and, further, that the Court of Appeals denied plaintiff's claim solely because it decided the claim was an application for further compensation, and contends that even though the *Autio Case* (*Autio* v. *Proksch Construction Co.* [1966], 377 Mich 517) reverses the *Hajduk Case* (*Hajduk* v. *Revere Copper & Brass, Inc.* [1934], 268 Mich 220) and those cases predicated upon *Hajduk,* it leaves undisturbed the law which provides that the workmen's compensation department is without power to award compensation for a period antedating a petition for further compensation by more than six years. *Buzzn* v. *Muncey Cartage Co.* (1929), 248 Mich 64.

We dispose of defendants' contention by stating that under our previous decisions[3] plaintiff was not

---

[3] *Autio* v. *Proksch Construction Company* (1966), 377 Mich 517;

barred by the general 6-year statute of limitations and, to the extent they may be in conflict, *Buzzn* and allied cases were overruled by *Autio*.

The Court of Appeals found that "the record in the instant case shows that the report [defendant-employer's report to commission] was accurate in all details," even though "the employer did not arrive at a conclusion that as a result of the loss of four fingers, the plaintiff suffered the industrial loss of a hand," and held because of this fact our ruling in *Autio* v. *Proksch Construction Company* would not apply.

The Court of Appeals concluded its opinion reversing the workmen's compensation appeal board as follows:

"The instant case is not one where a further condition developed which was not apparent at the time of the original injury. If the injured employee disputed the propriety of the payments, it was incumbent on him to file a claim as required by part 2, § 15, of the workmen's compensation act, *supra*.

"Reversed. Costs to appellants."

Part 2, § 15, provided:

"No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer within 3 months after the happening thereof, and unless the claim for compensation with respect to such injury, which claim may be either oral or in writing, shall have been made within 6 months after the occurrence of the same.   *   *   *   In all cases in which the employer has been given notice of the happening of the injury, or has notice or knowl-

---

*Martin* v. *White Pine Copper Company* (1966), 378 Mich 37; *Pevarnic* v. *Northwestern Leather Company* (1966), 378 Mich 48; *Cook* v. *Northwestern Leather Company* (1966), 378 Mich 518.

edge of the happening of said accident within 3 months after the happening of the same, and fails, neglects or refuses to report said injury to the compensation commission as required by the provisions of this act, the statute of limitations shall not run against the claim of the injured employee or his dependents, or in favor of either said employer or his insurer, until a report of said injury shall have been filed with the compensation commission." CLS 1961, § 412.15 (Stat Ann 1960 Rev § 17.165).

We made known to employers in *Weenink* v. *Allen Electric & Equipment Co.* (1936), 276 Mich 561, 564, that if they did not report to the commission "the nature and extent of the injury fully and in detail," their neglect to do so would be a bar to the employers' right to raise the defense of six months' statute of limitations; and, again, in *Paridee* v. *Great Atlantic & Pacific Tea Co.* (1936), 278 Mich 191, we made it plain that the report of an accident must set up the injury with such particularity of location and effect, known to the employer, as to indicate its nature and to identify it for the purpose of the compensation law.

Defendant-employer's initial report to the commission set forth only a "crushing injury to the right hand."

This report failed to set forth "the nature and extent of the injury fully and in detail," and defendants' report two years later advising the commission that plaintiff had lost four fingers did not cure this defect.

We do not agree with the Court of Appeals' finding that defendant-employer's "accurate" report to the commission defeated plaintiff's claim because plaintiff did not file a claim as required by Part 2, § 15, of the workmen's compensation act.

The award of the workmen's compensation appeal board is affirmed.

Reversed and remanded. Costs to appellant.

DETHMERS, C. J., and T. M. KAVANAGH, SOURIS, O'HARA, ADAMS, and BRENNAN, JJ., concurred.

BLACK, J., concurred in result.