NORRIS v CHRYSLER CORPORATION

1. WORKMEN'S COMPENSATION—NOTICE OF INJURY.

   The requirement of the Workmen's Compensation Act that the employee give notice to the employer of an injury affords the employer certain important opportunities: to examine into the alleged accident and injury while the facts are accessible and also to employ skilled physicians or surgeons to care for the employee so as to speed his recovery and minimize the loss.

2. WORKMEN'S COMPENSATION—NOTICE OF INJURY—LIMITATION OF ACTIONS—REPORT OF INJURY.

   Notice by the employee to the employer of an injury also works to the benefit of the employee; the Workmen's Compensation Act provides that limitations on the filing of claims are not applicable if the employer, having notice of the injury, fails to report it properly.

3. WORKMEN'S COMPENSATION—LIMITATION OF ACTIONS.

   A judicially imposed six-year limitation on workmen's compensation claims was lifted by a 1966 decision of the Michigan Supreme Court.

4. WORKMEN'S COMPENSATION—NOTICE OF INJURY—STATUTES.

   Notice of an accident, in which plaintiff was struck by a car while reporting to work when he crossed a street to go from his parked car to his employer's plant, given to the chief guard and plaintiff's foreman constituted notice to his employer and satisfied the requirements of a section of the Workmen's Compensation Act (MCLA 412.15).

5. WORKMEN'S COMPENSATION—NOTICE OF INJURY—LIMITATION OF ACTIONS.

   Under the Workmen's Compensation Act, the notice given must be sufficient to make the employer aware that an injury has been sustained and if, after inquiry, the employer does not

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 58 Am Jur, Workmen's Compensation § 375 *et seq.*
[2, 3, 5, 7, 8] 58 Am Jur, Workmen's Compensation § 380.
[6] 58 Am Jur, Workmen's Compensation § 192 *et seq.*

believe the injury to be compensable, it need not report the accident; however, in not reporting the accident, the employer assumes the risk that the injury will be found to be compensable and if such a determination occurs, the employer's penalty is a suspension of statutory limitations (MCLA 412.15).

6. WORKMEN'S COMPENSATION—NOTICE OF INJURY—COMPENSABILITY.

The employee must first give notice of the accident under the Workmen's Compensation Act; showing that a resulting injury is compensable is a separate obligation.

7. WORKMEN'S COMPENSATION—LIMITATION OF ACTIONS.

Statutory limitations of a workmen's compensation claim were tolled because the employer did not in any way report the injury where sufficient and timely notice of injury was given to defendant employer (MCLA 412.15).

8. WORKMEN'S COMPENSATION—COMPENSABILITY—REFEREE—NOTICE OF INJURY—LIMITATION OF ACTIONS.

To determine compensability was and remains the duty of the workmen's compensation referee (with appellate levels provided); the employer must report any injury of which it has notice if it is to have the advantage of the statutory limitations and conversely, the employer need not report all or any injuries, but in failing to do so pays the price of the suspension of statutory limitations.

Appeal from Court of Appeals, Division 1, V. J. Brennan, P. J., and J. H. Gillis and O'Hara, JJ., denying application for leave to appeal from an order of the Workmen's Compensation Appeal Board. Submitted March 12, 1974. (No. 7 March Term 1974, Docket No. 54,858.) Decided April 16, 1974.

Claim by Curtis Norris against Chrysler Corporation and Second Injury Fund for workmen's compensation for injuries resulting from being struck by an automobile. Award denied. Court of Appeals denied plaintiff's application for leave to appeal. Plaintiff appeals. Workmen's Compensation Appeal Board reversed and remanded for a determination of compensability.

*Marston, Sachs, O'Connell, Nunn & Freid, P. C.*
(by *David K. Barnes*), for plaintiff.

*Lacey & Jones (Hayim I. Gross,* of counsel), for
defendant Chrysler Corporation.

M. S. COLEMAN, J.

## FACTS

Plaintiff is appealing the Court of Appeals'
denial of his application for leave to appeal a
decision of the Workmen's Compensation Appeal
Board reversing an award of benefits granted by
the hearing referee.

Plaintiff was employed at defendant's Mack Ave-
nue plant in Detroit. On November 2, 1954 plain-
tiff arrived at the plant a few minutes prior to his
11 p.m. starting time. The employee parking lot
was allegedly full so plaintiff parked across the
street from the plant. In crossing Mack Avenue,
he was struck by a car.

A coworker and friend of plaintiff witnessed the
accident. The chief guard gave the friend permis-
sion to go to plaintiff's assistance. The friend later
received permission from the chief guard to accom-
pany the police and assist in completing the acci-
dent report. The friend testified that when he
returned to work he told plaintiff's foreman about
the accident.

Plaintiff never returned to work. He had contin-
uing medical problems with his legs, which were
injured in the accident. In January 1956 a decision
was made to amputate plaintiff's right leg. That
action was not taken at that time and treatment
continued. Plaintiff's left leg was amputated in
1960; his right in 1967.

On May 29, 1968 plaintiff filed a petition for a

workmen's compensation hearing. A decision was made on September 21, 1970. The referee found

"that the defendant had notice of the accident and injury. It cannot now urge that no claim for compensation was made in consequence of its own failure to take affirmative action."

A separate finding declared that plaintiff "was clearly within the course of his employment when injured".

The Appeal Board ordered this decision reversed finding "that plaintiff failed to provide defendant with notice within three months and claim within six months of the date of the injury". The board felt that the decision in *Williams v Chrysler Corp,* 29 Mich App 398; 185 NW2d 403 (1971) required reversal. The information transmitted to the foreman was deemed insufficient to require any action by the corporation. The board did not address the referee's other findings.

By a 2–1 vote the Court of Appeals denied plaintiff's application for leave to appeal on April 3, 1973. This Court granted leave to appeal on July 19, 1973.

## ISSUES

Was the information received by the corporation on November 2, 1954 sufficient to satisfy statutory requirements of notice so that the statutory limitations were tolled?

## STATUTES

The following statute in effect at the time of

plaintiff's injury is pertinent. MCLA 412.15; MSA 17.165 provided in part:

"No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer within 3 months after the happening thereof, and unless the claim for compensation with respect to such injury, which claim may be either oral or in writing, shall have been made within 6 months after the occurrence of the same; * * * in all cases in which the employer has been given notice of the happening of the injury, or has notice or knowledge of the happening of said accident within 3 months after the happening of the same, and fails, neglects or refuses to report said injury to the compensation commission as required by the provisions of this act, the statute of limitations shall not run against the claim of the injured employee or his dependents, or in favor of either said employer or his insurer, until a report of said injury shall have been filed with the compensation commission."

MCLA 412.16; MSA 17.166 requires the notice to be written but MCLA 412.18; MSA 17.168 provides that lack of such written notice "shall not be a bar to proceedings under this act, if it be shown that the employer had notice or knowledge of the injury".

## DISCUSSION

The discussion must be limited to the one specific issue. The referee made several findings. One concerned notice. Another concerned the question of whether the accident occurred within the course of employment. The Appeal Board first addressed the notice question "since if defendant's contention is correct, plaintiff's claim would fail thus negating determination of the remaining issues". Defendant's contention was sustained.

I

*Purpose of Notice*

The requirement that the employee give notice of an injury affords the employer certain important opportunities. The provision was analyzed in *Littleton v Grand Trunk R Co,* 276 Mich 41; 267 NW 781 (1936):

"The purpose of the notice is to give the employer an opportunity to examine into the alleged accident and injury while the facts are accessible and also to employ skilled physicians or surgeons to care for the employee so as to speed his recovery and minimize the loss. See *Podkastelnea v Railroad Co,* 198 Mich 321 [164 NW 418 (1917)]; *Herbert v Railway Co,* 200 Mich 566 [166 NW 923 (1918)]; *Johnson v Bergland Lumber Co,* 231 Mich 34 [203 NW 840 (1925)]."[1]

Notice to the employer also works to the benefit of the employee. The statute provides that limitations on the filing of claims are not applicable if the employer, having notice of the injury, fails to report it properly.

For many years there was a judicially imposed six-year limitation on compensation claims. See *Hajduk v Revere Copper & Brass, Inc,* 268 Mich 220; 255 NW 770 (1934). This limitation was lifted in *Autio v Proksch Construction Co,* 377 Mich 517; 141 NW2d 81 (1966). The plaintiff lost the industrial use of a hand in 1952 while employed by the construction company. The company failed to file an accurate report of the loss although it received notice. Plaintiff filed his claim in 1961. Because the company's failure to file a report tolled the limitations, the Court remanded the case for fur-

---

[1] This analysis was repeated in *Banks v Packard Motor Car Co,* 328 Mich 513; 44 NW2d 166 (1950); *Whitley v Chrysler Corp,* 373 Mich 469; 130 NW2d 26 (1964) and *Carter v Kelsey-Hayes Co,* 386 Mich 610; 194 NW2d 326 (1972).

ther proceedings. Also see *Pevarnic v Northwestern Leather Co,* 378 Mich 48; 142 NW2d 689 (1966) and *Cook v Northwestern Leather Co,* 378 Mich 518; 146 NW2d 646 (1966).

The plaintiff in *Martin v White Pine Copper Co,* 378 Mich 37; 142 NW2d 681 (1966) filed a claim in 1963 based upon her husband's death in 1956. On the day of the incident, the supervisor filed a factual report and concluded that the accident was not industrially related. The next day a union representative disputed that conclusion. The company never notified the compensation commission.

The Court noted an administrative rule (referred to as Rule 3) in effect at the time of the death. It required that the commission be notified " 'on or before the 14th day after the employer has notice or knowledge of the alleged injury or death in all cases where the right of the injured or dependent to compensation is disputed' ". The Court adopted the following analysis of the Appeal Board:

" 'The self-evident purpose of rule 3 * * * is to enable the department to advise the employee or dependent of the fact that the employer has denied statutory liability and also to inform said party of his/her right to have a hearing to determine the issue of liability.' "

The *Martin* Court cited MCLA 412.15, saying that it contained the "sanction for failure to notify the department of such injury or death". The penalty is the tolling of the limitations. Since notice was never submitted by the company, the wife's action was deemed timely filed.

In *Cibor v Fabricon Products Co,* 379 Mich 229; 150 NW2d 769 (1967), the Court said:

"We made known to employers in *Weenink v Allen*

*Electric & Equipment Co* (1936), 276 Mich 561, 564 [268 NW 739], that if they did not report to the commission 'the nature and extent of the injury fully and in detail,' their neglect to do so would be a bar to the employers' right to raise the defense of six months' statute of limitations; and, again, in *Paridee v Great Atlantic & Pacific Tea Co* (1936), 278 Mich 191 [270 NW 263], we made it plain that the report of an accident must set up the injury with such particularity of location and effect, known to the employer, as to indicate its nature and to identify it for the purpose of the compensation law."

*Martin* and *Cibor* indicate that giving of notice of an injury is not solely to enable an employer to conduct a prompt investigation. The employee's giving of notice imposes a duty upon the employer —the duty to report to the commission. Failure to report suspends statutory ˙limitations. The employee profits further when notice is given because the Workmen's Compensation Department is enabled to advise an employee or dependents of their rights.

## II

### Who Must Receive Notice

At plaintiff's hearing a witness testified that notice of the˙accident was given to the chief guard and to plaintiff's foreman. Without considering other issues, it is clear that this constitutes notice to the company and satisfied statutory requirements. See *Hutchinson v Tambasco,* 309 Mich 597; 16 NW2d 87 (1944); *Banks v Packard Motor Car Co,* 328 Mich 513; 44 NW2d 166 (1950) and *West v Northern Tree Co,* 365 Mich 402; 112 NW2d 423 (1961).

The Appeal Board agreed that "notice to a foreman is notice to the corporation" and that "a guard could equally transmit such notice".

### III

### *Sufficiency of Notice*

The notice given in the instant case was not deemed sufficient.

Defendant argues that under the state of the law at that time it did not receive notice of a compensable injury and therefore was not required to report. There are cases which do state that the employer must be informed of a "compensable" accident. However, close examination of the cases will disclose that this is a result of imprecise use of statutory language. The notice given must be sufficient to make the employer aware that an injury has been sustained. If, after inquiry, the employer does not believe the injury to be compensable, it need not report the accident. However, in not reporting the accident, the employer assumes the risk that the injury will be found to be compensable. If such a determination occurs, the employer's penalty is a suspension of statutory limitations.

The Court in *Clifton v Chrysler Corp,* 287 Mich 87; 282 NW 912 (1938) indicated that an injured employee has two duties. One is to give notice of the injury within the statutory limitations. The other is to show that the injury is compensable if the employer contests the employee's claim. The Court then quoted from *Gumtow v Kalamazoo Motor Express,* 266 Mich 16; 253 NW 198 (1934):

" 'The notice required to be given to the employer is notice of an accidental injury arising out of and in the course of employment. * * * While it is true that the act is to be liberally construed in favor of the employee, and in so doing we have gone far in disregarding inaccuracies in notice * * * we cannot disregard the plain requirement of the statute that the employer

must receive notice of the accident within the three months' period. This is a substantial right and as stated in the act, is a condition precedent to the establishment of a claim for compensation.' "

The employee must first give notice of the accident. Showing that a resulting injury is compensable is a separate obligation.

A similar analysis is seen in *Henderson v Consumers Power Co,* 301 Mich 564; 4 NW2d 10 (1942). The plaintiff was injured in 1930. While convalescing he was visited by company superintendents. As a result of his injuries, plaintiff went blind in one eye in 1937. He filed for compensation in 1940. This Court upheld the award. The Court held that precedent "recognized that knowledge of an accident is the equivalent of notice" and cited *Littleton* and *Clifton.* The Court concluded that "defendant had the requisite 'notice or knowledge' of plaintiff's accident and injury within three months after the happening thereof". Also see *Gates v General Motors Corp,* 349 Mich 286; 84 NW2d 482 (1957) where the Court agreed that "the limitation period of the act does not begin to run if the employer has knowledge of the accidental injury and fails to file a report".

A statutorily sufficient notice was given in *West v Northern Tree Co, supra,* where the employee told the foreman that his hands were cold and freezing. The notice was given on February 16, 1957, which was plaintiff's last day as an employee. A finger was amputated in April 1958. Although the only notice given was the complaint to the foreman, the Court affirmed an award for the loss of the finger. Sufficient notice was also found in *Meyers v Chris-Craft Corp,* 379 Mich 552; 153 NW2d 657 (1967). The employee's wife went to the personnel manager and said her husband had

been injured at work. This Court reversed the Appeal Board's reversal of an award and said the "requirement of proof of notice has been complied with". The Court remanded for a decision "as to whether the record established causal relationship between work and the injury".

## IV

### *Williams v Chrysler*

The Appeal Board in this case reversed the award to plaintiff because it could "find no significant difference in the information relayed to the foreman and guards herein than that given the foreman in *Williams v Chrysler, supra*".

The employee in *Williams* had parked his car across the street from defendant's plant. He crossed the street. While climbing a snow bank on defendant's property, he slipped and fell into the street. He was struck by a passing truck and died as a result of the injuries.

The employee's widow filed a claim for compensation five years later. She testified that she told her husband's foreman when he visited the funeral home that Mr. Williams had slipped on a snow bank into the path of a trailer. The widow could not remember if she told the foreman where the accident occurred. She had never sought benefits from the company.

The Appeal Board reversed the referee's award to the widow on the basis that notice was not legally sufficient.

The facts of the instant case are quite different. The chief guard was told immediately after the incident. The foreman was told the same night. The company was put on notice that the accident

occurred while plaintiff was reporting to work. We conclude that such notice was sufficient.

## CONCLUSION

This opinion does not go to the merits of the case, but only to the question of notice. It may well be that defendant has an adequate defense in estoppel, the state of the law in 1954 or some other proferred theory, but the question of compensability is not before this Court.

In this matter, sufficient and timely notice of injury was given to defendant employer. Because the employer did not in any way report the injury, the statutory limitations were tolled.

To hold that defendant was charged with reporting only *compensable* injuries in order to impose the statutory limitations would be to hold that defendant was charged with judging the merits of the case. To the contrary, it was and remains the duty of the referee (with appellate levels provided) to determine compensability. The employer must report any injury of which it has notice if it is to have the advantage of the statutory limitations. Conversely, the employer need not report all or any injuries, but in failing to do so pays the price of the suspension of statutory limitations.

I would reverse the Appeal Board on the issue of notice and remand for a determination of compensability.

Reverse Workmen's Compensation Board of Appeals and remand.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, SWAINSON, WILLIAMS, LEVIN, and J. W. FITZGERALD, JJ., concurred with M. S. COLEMAN, J.