SCHREWE *v.* NEW YORK CENTRAL RAILROAD CO.

CERTIORARI — APPEAL FROM INDUSTRIAL ACCIDENT BOARD — MASTER AND SERVANT—WORKMEN'S COMPENSATION.

Upon certiorari to review proceedings relating to workmen's compensation before the board has passed on the award of an arbitration committee, the Supreme Court will not examine into questions arising before the committee until they have been inquired into and passed upon by the board on appeal.[1]

Frances Schrewe presented her claim against the New York Central Railroad Company for compensation for the death of her husband. From an award of an arbitration committee, respondent brings certiorari. On motion to dismiss the writ. Submitted June 6, 1916. (Calendar No. 27,376.) Motion granted June 23, 1916.

*Alexander, Cotter & MacCord,* for the motion.

*Angell, Bodman & Turner, contra.*

OSTRANDER, J. Part 3 of Act No. 10, Public Acts (Extra Session) 1912 (3 Comp. Laws 1915, § 5454 *et seq.*), is entitled Procedure. If an injured employee and his employer or the indemnitor of the employer agree concerning the compensation to be paid the employee under the act, their agreement, reduced to writing, may be filed with the Industrial Accident Board, and, if approved, is final and binding. If an agreement is not reached, the procedure is, first, the formation of a committee of arbitration, one member of which shall be a member of the Industrial Accident Board. The committee, having made an investigation

---

[1] On the question of workmen's compensation acts, generally, see note L. R. A. 1916A, 409.

and award, files its decision with the Industrial Accident Board, and, "unless a claim for a review is filed by either party within seven days, the decision shall stand as the decision of the Industrial Accident Board."

If a claim for review is filed, the board shall promptly review the decision of the committee "and such records as may have been kept of its hearings," hear such additional evidence as the parties wish to submit, "and file its decision therein with the records of such proceedings." "The findings of fact made by said Industrial Accident Board, acting within its powers, shall, in the absence of fraud, be conclusive, but the Supreme Court shall have power to review questions of law involved in any final decision or determination of said Industrial Accident Board." Either party may present to the circuit court of the county in which the accident occurred the approved agreement settling the compensation to be paid, the unappealed from award of the committee or the decision of the Industrial Accident Board upon review, and the court is empowered to enter judgment in accordance therewith without notice.

It appears that, although the writ of certiorari issued in this proceeding is addressed to the Industrial Accident Board, the board has not, in fact, been asked to review the award of the committee. The question presented is whether this court should review, in certiorari proceedings, the unappealed from award of a committee of arbitration or whether a party claiming to be aggrieved by the action of the committee should first seek a review of the committee action by the Industrial Accident Board.

The proceeding is a special and peculiar one. It may or may not be an adversary proceeding with respect both to the facts and the law. To the Industrial Accident Board is confided, finally, the determination

of the facts according to which an award of compensation is made, or is refused. There is involved, in every case, the application of the statute to the determined facts. The *decision*, whether of the committee or of the board, involves such an application of the statute. It is the *decision* of the committee which upon seasonable application may be reviewed by the board and, upon such review, corrected, if correction is required. It is questions of law involved in any final decision or determination of the board which may be determined by the court. It is plain, I think, that the act secures to parties claiming to be aggrieved by the decision of a committee, first, an appeal, second, a review of questions of law involved in the decision on appeal. In any event, such a construction of the law is warranted by the terms of the law, and, being warranted, should be adopted because it makes, first, for uniformity and simplicity of procedure, and, second, it prevents setting aside and amending by the court decisions which have, in fact, never received the attention of the body charged with the execution of the law; a body which it is presumed will, upon review, correct the decision complained about.

In my opinion, the motion to dismiss the writ of certiorari should be granted, with costs.

STONE, C. J., and KUHN, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.