[Civ. No. 5857. First Appellate District, Division One.—July 1, 1927.]

CROWE GLASS COMPANY (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and CARRIE GRAHAM, Respondents.

R. P. Wisecarver for Petitioners.

G. C. Faulkner for Respondent Industrial Accident Commission.

Warren H. Pillsbury for Respondent Graham.

TYLER, P. J.—*Certiorari* to review an award of the Industrial Accident Commission. On the fifteenth day of February, 1926, respondent Carrie Graham filed with the said Commission an application for adjustment of claim under the Compensation Act, in which it was alleged that

one Fred Graham, her husband, sustained an injury due to straining himself by lifting a heavy crate on Thursday, November 19, 1925, at which time he was employed by Crowe Glass Company. She charged that by reason thereof he died on November 22, 1925, as the aftermath of an operation to cure a rupture. Petitioners herein, as employer and insurance carrier, respectively, contested the application on the ground that the deceased employee had never made any claim of injury, and that in fact his rupture, or hernia, was not caused by the employment, but had, on the contrary, been one of years' standing. Thereafter hearings were regularly had before the Commission, at which time testimony of the attending physician and others was taken. It is claimed by petitioners that this evidence showed that deceased had suffered from a hernia for a long time; that on Monday, November 16, 1925, prior to the date of the alleged injury, he was sick from some intestinal trouble which caused vomiting, and which condition continued through the following day. The next day he returned to his duties and worked throughout that day and a part of Thursday morning, at which time he was compelled to quit on account of sickness. He made no complaint to his employer that he had received any injury at this time, but he did inform a coemployee that it hurt him to lift the glass cases. He was sick with his ailment for the two days following when his condition became critical. He called in a physician, who advised an immediate operation, which was performed Saturday, November 20, 1925. The intestines were found to have become strangulated in a large hernia of long standing. The condition had not reached the gangrene stage, but for some unknown reason Graham died on Sunday, November 21st. Thereafter, on April 27, 1926, a hearing was had upon the widow's application, and the Commission made and entered its findings of fact, in which it was determined that the evidence did not establish that the death complained of was caused by an injury arising out of the employment, and petitioners' application for relief was denied. Thereafter, and within twenty days, the respondent Carrie Graham filed a petition for a rehearing. Petitioners in their answer thereto set forth that the application failed to state any reason for the granting of the same, whereupon a supplemental petition was

filed, in which the history of the case was reviewed and request made for an opportunity to show that the old hernia from which deceased suffered had been aggravated by the alleged injury. Subsequently, on June 16th, the Commission entered its order granting the application for a rehearing. Hearings were had thereon and further testimony was taken. It appears from medical evidence that deceased had a very large hernia with protrusion of the intestines down into the scrotum; that he suffered from this hernia for a long period, and had many times previously reduced it himself; that on the present occasion he was unable to do so, with result that it became strangulated, necessitating the operation. There was a conflict in the testimony as to whether his employment had any effect upon his condition or not, as it was possible for a strangulation to occur at any time from his condition. It was testified that lifting might crowd the intestines down through the hernia, which might cause an acute condition, and one physician seemed to be of the opinion that this was probably what had happened. Another physician reviewed the evidence and stated that he was of the opinion that the case was one of continual development of intestinal involvement, beginning with the illness of Monday or Tuesday, and that the development of the pathology during the week was simply a culmination of the pathological condition that was chronic, with a strong probability that in addition to the hernia there was some other intestinal involvement of a chronic nature, which was the real cause of death rather than the shock of the hernia operation, as the rapid development of high temperature immediately after the operation could not very well be explained as resulting from shock due to the operation. Thereafter, on September 25, 1926, the Commission made and entered its decision after rehearing reading as follows: ''It is ordered as, and for the decision after rehearing that the Findings and Award filed herein on April 27th, 1926, be and they are hereby affirmed.'' Both under the original and by this decision petitioners were relieved of any and all liability upon the ground that no injury was shown to have occurred in the course of the employment, or that any such injury caused the disability or death of the employee. Subsequently, on October 14, 1926, the applicant, Carrie Graham, filed a

second petition for rehearing, or a petition for rehearing of the decision on rehearing. The matters contained in this petition were a reiteration of the previous facts that had been considered by the Commission on its hearing and rehearing. Petitioners herein replied claiming that the case had been finally decided on its merits and prayed that it be summarily denied. On December 3, 1926, the Commission made its order granting a second rehearing. Thereafter, on February 9, 1927, without any further hearing in the matter, the Commission reversed its previous original decision and its decision upon rehearing and ordered as and for the decision after the second rehearing, "that the Findings and Award made and filed on April 27th, 1926, be and the same are hereby rescinded and annulled, and that the following Findings and Award be, and hereby are made and filed herein."

Under these findings the Commission determined that deceased was injured November 19, 1926, by having a left inguinal hernia of years standing subjected to sufficient strain to cause the said hernia to protrude in such manner as not to be reducible, causing strangulation which required an operation, from which death ensued. The Commission then entered an award for $5,150 death benefit, and medical expenses in the additional sum of $137.75. It is not here contended that the facts are insufficient to justify the award as no such issue is here presented, the sole question in issue being one of law only. It is petitioners' contention that the Industrial Accident Commission, in entering its order granting a second rehearing to the applicant for compensation, after the original hearing and decision on rehearing had been decided adversely to her, acted without and in excess of its powers; that the Commission had no power or authority or jurisdiction to grant a second petition for rehearing; that under and pursuant to the provisions of the Workmen's Compensation Act, the Commission is only allowed the right to grant one rehearing, and that after decision upon rehearing any party affected not only may, but must, apply to the appellate courts for a writ of review. In other words, petitioners claim that the only procedure provided for by the Compensation Act after a decision on rehearing is, if a party feels aggrieved, to apply for a writ of review either to the district court of appeal or to the supreme court, as

the Commission cannot sit as a reviewing court on its own final decision. Respondent, on the other hand, contends that as the statute does not expressly prohibit a second application, the Commission may entertain one; that the word "may" as applied to the application for *certiorari* by the appellate courts after decision on rehearing does not mean "must" in all cases. This issue presents the question of the proper construction to be given to the provisions of the act in question upon this subject. The sections of the act with regard to procedure before the Commission on rehearings and in petitions to appellate courts for writs of review are to be found in sections 64, 65, and 67 of the Compensation Act. Section 64 provides, in substance, that any person aggrieved by the final award of the Commission may apply for a rehearing; that only those questions are raised on rehearing which are set forth and objected to in the petition for rehearing. The section further provides that no cause of action arising out of such original final order, decision, or award shall accrue in any court to any person until and unless such person shall have made application for such rehearing and such application has been granted or denied. The section declares that on such rehearing testimony may or may not be taken; that the Commission shall reconsider all the facts and may abrogate, change, or modify the original award. Also that "an order, decision or award made after such hearing abrogating, changing or modifying the original order, decision or award shall have the same force and effect as an original order, decision or award." Section 65 provides that the petition for rehearing must be filed within twenty days, and sets forth the grounds upon which it may be based. Section 67 provides: "Within thirty days after the application for a rehearing is denied, or, if the application is granted, within 30 days after the rendition of the decision on the rehearing, any party affected thereby may apply to the Supreme Court of the state, or to the District Court of Appeal of the Appellate District in which said person resides, for a writ of *certiorari* or review, for the purpose of having the lawfulness of the original order, rule, regulation, decision or award, or the order, rule, decision or award on rehearing inquired into and determined." It also provides for the grounds upon which the petition may be made and for the procedure on appeal.

 It seems plain to us that the provisions in question contemplate but one rehearing and that thereafter, if a party feels aggrieved, he must apply to the appellate courts. If it could be held that an applicant is entitled to more than one rehearing it would follow that the employer and insurance carrier would likewise be so entitled, as the act would have to be given a uniform operation. If such right existed, an employer or insurance carrier, if they felt aggrieved upon a decision on rehearing, could again invoke the Commission's jurisdiction to grant a second rehearing and so on indefinitely. On the other hand, where an award had been refused an applicant and a rehearing denied, he could again apply for a rehearing which could be granted or denied and so on *ad infinitum*. Under such a practice there would be no end to the litigation, as no time, however great, would operate to bar successive applications provided only that they were applied for in seasonable time. Such a construction would lead to legal chaos. That this condition might be brought about under the claimed construction of respondent demonstrates its unsoundness. Then, again, the construction contended for would defeat the very purposes of the act itself which contemplates a speedy determination of controversies involved thereunder, and not a vacillating attitude on the part of the Commission. We do not consider a further discussion necessary. The question in our opinion has been definitely determined by our supreme court. In *Harlin* v. *Industrial Acc. Com.*, 194 Cal. 352 [228 Pac. 654], the issue was whether the employer was properly before the supreme court, because he had never applied for a rehearing from a decision on rehearing. The original award was entered in his favor and the applicant for compensation petitioned for a rehearing, which was granted, and the decision on rehearing was then made in favor of the applicant for compensation. Within thirty days thereafter the employer applied to the supreme court for a writ of review, which was granted. The Commission there contended that the court could not entertain the petition for writ of review because of the fact that the employer had never applied for a rehearing with the Commission. The learned author of the opinion, in speaking for the court, reviews the provisions of the act and states: ''Only one question which is raised by respondent remains for consideration, to wit,

whether petitioner . . . has lost its right to apply to this court for a writ of review for the reason that it did not apply to respondent Industrial Accident Commission for hearing after rehearing once granted. We think the act furnishes no substantial grounds for the claim that a second petition for a rehearing is required before an application may be made to this court for a writ of review. The act contemplates a speedy determination of questions involving the right to compensation and the Commission is given broad powers to the end that long delays may be avoided. *It is the policy of the law in general practice to consider but one application for a rehearing and there is less justification for an exception to this rule in proceedings that are somewhat summary in character as the act under consideration undoubtedly is."* (Italics ours.) (Citing *Federal Mut. Liab. Ins. Co.* v. *Industrial Acc. Com.,* 190 Cal. 97 [210 Pac. 628]; *Carroll* v. *Industrial Com. of Colo.,* 69 Colo. 473 [19 A. L. R. 107, 195 Pac. 1097]; *Schrewe* v. *New York Cent. Ry. Co.,* 192 Mich. 170 [158 N. W. 337]. See, also, *Dorland* v. *Cunningham,* 66 Cal. 484 [6 Pac. 135].) Respondent claims that what is said in the opinion just quoted from is *dicta* as the precise question here presented was not in issue in that case. The principle was directly involved as the decision there reached was based entirely upon it.

We are cited by respondents to the action of the supreme court in denying a hearing in the recent case of *Van Bilderbeck* v. *Industrial Acc. Com., S. F. 11532,* as opposing this view. A discussion of the facts of that case would answer no useful purpose. It has no relevancy to the instant question. ▮ We conclude, therefore, that the act of the Commission in granting a second rehearing was *functus officio* as its jurisdiction was exhausted. The act in question, properly construed, contemplates but one rehearing and the party aggrieved must then look to the appellate courts for a review of the proceeding. ▮ The employment in the statute of the words "may apply," being used in a procedural sense, mean, therefore, that when a litigant elects to further proceed with his case after decision on rehearing, he *must* apply in accordance with the provisions of the act. The words are employed to express the existence of a privilege that may be exercised in the discretion of

the applicant and this is the only remedy that a party to such a proceeding has after decision on rehearing, the jurisdiction of the Commission being exhausted upon the final disposition of that hearing, there being no question involved concerning the continuing jurisdiction of the Commission under section 20 (d) of the Compensation Act, and here it is conceded there is none, the employee having died prior to the time the application for benefits was made.

From what we have said it follows that the award must be and it is hereby annulled.

Knight, J., and Cashin, J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 29, 1927.