[Civ. No. 5886. First Appellate District, Division One.—November 5, 1927.]

LOUIS BERONIO, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and ANTONIO V. BERONIO, etc., et al., Respondents.

Brobeck, Phleger & Harrison and S. R. Pfund for Petitioner.

G. C. Faulkner for Respondents.

TYLER, P. J.—*Certiorari* to review an award of the Industrial Accident Commission.

It appears from the evidence that on April 12, 1924, petitioner sustained an industrial injury while employed by respondent Beronio Lumber Company by being squeezed between a truck and a pile of lumber. The truck struck him directly over the kidney region, severely injuring his back, fracturing his third, fourth, and fifth transverse processes and necessitating his immediate removal to a hospital. Thereafter application for industrial benefits was made by the employee and on January 30, 1925, respondent Industrial Accident Commission made its findings and award in petitioner's favor and against respondent insurance carrier, by which petitioner was granted compensation until the termination of his disability or the further order of the Commission. Petitioner received the compensation and medical treatment provided for from the insurance carrier. About a year after his injury a genito-urinary condition appeared in petitioner, which was treated by the physicians of respondent insurance carrier under an authorization of its attorney. A claim was made by petitioner before the Commission that his condition was the result of his original injury. The claim was disputed by the insurance carrier. A hearing was had by the Commission upon the application and on March 14, 1927, an order was made awarding petitioner a permanent disability rating based primarily upon the injuries to his back, but relief for the alleged genito-urinary condition was denied, the finding in this respect being that said injury disability referable to the urinary system was not caused nor aggravated by injury or strain arising out of and in the course of said employment. On April 1, 1927, petitioner's present counsel filed a petition for rehearing directed toward the findings concerning the genito-urinary condition above referred to. This petition for rehearing was answered by the insurance carrier and it was denied April 27, 1927. On May 25, 1927, petitioner filed the present petition for a writ of review. Notwithstanding this fact, petitioner on May 23, 1927, filed a second petition for rehearing before the Commission, setting forth the existence of certain new evidence. The insurance carrier opposed the granting of this petition

upon the ground that the time provided for in which a rehearing could be filed had expired. On June 3, 1927, the application was again denied. On June 13, 1927, a third petition for rehearing was filed and it was denied on July 11, 1927. We are here only concerned with the question of whether or not the first petition for rehearing was properly denied as the Commission was without jurisdiction to entertain more than one application for rehearing (*Crowe Glass Co.* v. *Industrial Acc. Com.*, 84 Cal. App. 287 [258 Pac. 130]).

■ It is petitioner's contention that there is no evidence to sustain the finding of the Commission that "disability referable to the urinary system . . . was not caused nor aggravated by injury or strain arising out of and in the course of employment." The contention that is here made and the grounds in support thereof was presented to the Commission on the application for a rehearing. The medical testimony upon the subject as to whether the injury now complained of originated from the original injury was conflicting. It is claimed that the weight of the evidence was in favor of the applicant. This was a matter for the Commission to determine, and its conclusion upon this conflict is a matter that cannot here be disturbed.

■ The new evidence presented on the second petition for rehearing could not be considered by the Commission as that body had lost jurisdiction of the case at the time it was presented.

The award is affirmed.

Knight, J., and Cashin, J., concurred.