O'BRIEN *v.* RAINBOW LIGHT, INC.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—DEPARTMENT TRIER OF FACTS.

In proceedings under workmen's compensation act, department of labor and industry is trier of facts, and weighs and measures conflicting testimony, medical as well as lay.

2. SAME—FINDING SUPPORTED BY EVIDENCE AFFIRMED.

Where department's finding that employee's death resulted from accident occurring about three months previously, in course of his employment, is sustained by evidence, award of compensation for accidental death is affirmed, on appeal.

Appeal from Department of Labor and Industry. Submitted January 8, 1932. (Docket No. 91, Calendar No. 36,054.) Decided March 2, 1932.

Anna O'Brien presented her claim against Rainbow Light, Inc., employer, and Ocean Accident & Guarantee Corporation, insurer, for the death of her husband, Frank O'Brien, alleged to be due to an accidental injury sustained while in defendant's employ. Award to plaintiff affirmed.

*Kerr, Lacey & Scroggie,* for plaintiff.

*Bishop & Weaver,* for defendants.

SHARPE, J. Plaintiff's husband, Frank O'Brien, sustained an accidental injury arising out of and in the course of his employment with Rainbow Light, Inc., in the county of Oakland, on January 12, 1929. A report of compensable accident was filed, and an agreement entered into to pay compensation at the rate of $18 per week during total disability was approved by the department of labor and industry on January 28th. O'Brien died on April 16, 1929.

The only question presented at the hearing before the deputy commissioner, and again before the full board, was whether his death resulted from the accidental injury he received on January 12th. Both the deputy and the board so found, and an award was made pursuant thereto. The defendants seek review by appeal.

Some time after his injury, the deceased went to his former home at Green Bay, Wisconsin, and remained there until the 22d day of March, 1929, when he and his wife came to Detroit. He was there treated by Dr. Manting, a physician employed by

the defendant insurance company. He last saw him the day before he died. The plaintiff testified that his foot was then ''swollen, all inflamed-looking, red, and then there were lines, \* \* \* kind of little red streaks going up;'' that he made complaints with reference to his ankle, ''just complained how terrible it was, going to drive him insane if he didn't soon get help;'' that he went to sleep during the night, ''never woke up; I tried to wake him and couldn't.''

A *post mortem* examination was had, but without informing the plaintiff thereof. The doctors who performed it were called as witnesses, and also two doctors called by the plaintiff. The board in its opinion reviewed at length the medical and other testimony bearing on the cause of death, and concluded that it was due to the injury sustained on January 12th. There was evidence to sustain this finding. It will serve no useful purpose to here review it.

''The board is the trier of the facts, and weighs and measures the conflicting testimony, medical as well as lay.'' *Ginsberg* v. *Burroughs Adding Machine Co.,* 204 Mich. 130, 137.

The award is affirmed.

Clark, C. J., and McDonald, Potter, North, Fead, Wiest, and Butzel, JJ., concurred.