SPADA *v.* FORD MOTOR CO.

1. APPEAL AND ERROR—ORDER DENYING FURTHER COMPENSATION.
    Order of deputy commissioner denying application for further compensation to injured employee from which no appeal was taken to the full department may not be reviewed on appeal to Supreme Court from subsequent order also denying further compensation.

2. SAME—MASTER AND SERVANT—CONFLICTING MEDICAL TESTIMONY.
    Finding of department of labor and industry that plaintiff suffered no increase of disability in use of arm due to accidental injury since preceding hearing on application for further compensation is affirmed on appeal to this court where sustained by the evidence since the department is the trier of the facts and makes its own determination as to credibility of witnesses and weight to be given to their testimony especially when medical testimony is in conflict.

Appeal from Department of Labor and Industry; Submitted October 3, 1934. (Docket No. 41, Calendar No. 37,646.) Decided December 10, 1934.

Frank L. Spada presented his claim against Ford Motor Company for an accidental injury while in its employ. Plaintiff appeals from denial of award made on application for further compensation. Affirmed.

*Daniel P. O'Brien (Shields, Silsbee, Ballard & Jennings,* of counsel), for plaintiff.

*E. C. Starkey (Ward Culver,* of counsel), for defendant.

Butzel, J. Frank L. Spada, plaintiff, claims that on September 12, 1926, while working as first helper on a furnace in the steel fabrication department of the Ford Motor Company, defendant, his hand slipped and as a result he bumped his arm against a steel column and injured his elbow; that the next morning his arm was swollen and he could not get out of bed, and that he was unable to return to work for several days; that when he did return, he was given lighter work requiring the use of only one arm. He was treated by his private physician and subsequently entered the Ford Hospital as a private patient, where he claims an operation was performed and a piece of bone removed from his elbow. His arm has become deformed and fixed at an angle in an ankylosed condition.

The record as presented to us is in a very unsatisfactory condition. Plaintiff filed a petition for compensation on August 29, 1927. Whether defendant received timely notice of the alleged accident or not is in dispute. However, for the purpose of

this decision we may assume that such notice was given. The award on arbitration made by the deputy commissioner on September 15, 1927, reads as follows:

"Said deputy commissioner being fully advised in the premises doth find, determine and adjudge that Frank L. Spada suffered an accident, which arose out of and in the course of his employment * * * and that said plaintiff is not entitled to receive and recover compensation from said defendant, Ford Motor Company. The plaintiff did not lose time and is not entitled to compensation. The doctor's bill incurred by plaintiff will be taken care of by the Ford Motor Company."

Defendant claims that the above award did not establish that there was an accidental injury, and that its offer to pay the doctor's bill was a mere gratuity. On the other hand, plaintiff contends that the award constituted a finding that he had suffered an accidental injury. Due to the confusing and uncertain state of the record, we shall pass over the 1927 proceedings, except to note that the deputy commissioner stated that plaintiff lost no time and was not entitled to compensation, but that the doctor's bill would be paid by defendant.

In October, 1931, plaintiff filed a petition for further compensation. It is conceded that no testimony was taken at this hearing, plaintiff testifying that: "They said there was no cause for action whatever, they said. I don't know, but I don't get no hearing;" that his attorney told him they could do nothing; that "the three of us walked down together and they said they would give me a job." The commissioner entered an award that the claim was *res judicata* and denied compensation. A copy of the findings and award is not included in the pres-

ent record. No appeal was taken by plaintiff from this order to the full department, and we may not pass upon it now. *Schrewe* v. *Railroad Co.,* 192 Mich. 170.

In 1933, plaintiff again filed a petition for further compensation, and at this time a complete hearing was had before the deputy commissioner, at which testimony was taken not only on the question as to whether there had been any increase in plaintiff's disability, but also on all other questions. It amounted to a rehearing of the entire case. Medical testimony was offered on the part of defendant indicating that plaintiff's disability was caused by an infection not related to the alleged accident, and that, contrary to plaintiff's claim, no piece of bone had been removed at the time of the operation, but instead some diseased tissue or matter had been taken out when the infected area was opened. Plaintiff, in testifying as to his disability, stated that he did not have the use of his arm to do the work he formerly did, but it appears that this condition has existed almost from the time of the alleged injury. In that connection, however, plaintiff further stated that his fingers had been "coming up" during the past year. The testimony is exceedingly weak and and unconvincing as to whether the disability to do his former work was any greater at the time of the last hearing, in 1933, than at the time of the two former hearings. The deputy commissioner found that the injury came from an infection not caused by the accident, and denied the petition for further compensation.

Plaintiff then made application for review of his claim before the commission, and submitted as further evidence the deposition of a physician to the effect that plaintiff's condition was the result of the

alleged accident. The conclusions of this physician were based largely upon the history of the case as detailed to him by plaintiff, including a statement by the latter that his injury had been caused by a fall. The department of labor and industry affirmed the award, observing that the record was not in such condition as to be of much assistance, but that three deputy commissioners at three different hearings had arrived at the same conclusion, and since they had some advantages at the hearings which the department did not have, the latter felt disinclined to interfere with the award which had been entered denying compensation.

Although many questions are raised in plaintiff's brief, all may be answered by a restatement of the rule so many times pronounced by this court that the department is the trier of the facts and makes its own determination as to the credibility of witnesses and the weight to be given to their testimony. This is particularly true when, as so frequently happens, the medical testimony is in conflict. *Louwaert* v. *D. Graff & Sons,* 256 Mich. 387; *O'Brien* v. *Rainbow Light, Inc.,* 257 Mich. 113.

Under the circumstances, we must affirm the award, with costs to defendant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.