HARRIS v. FRY & KAIN.

MARTIN v. SAME.

1. WORKMEN'S COMPENSATION—LIABILITY TO SUBEMPLOYEE.

An employer, subject to the workmen's compensation act, is responsible for payment of compensation where he contracts for the performance of work with a contractor not subject to the act and whose employee suffers an accidental injury arising out of and in the course of the employment contracted for (2 Comp. Laws 1929, § 8416).

2. SAME—FINDINGS OF DEPARTMENT—EVIDENCE.

In event of conflict in testimony before the department of labor and industry, review of the Supreme Court is limited to a determination as to whether there is competent evidence to sustain the department's finding.

3. SAME—REVIEW BY SUPREME COURT—INFERENCES.

The Supreme Court may not weigh the testimony taken before the department of labor and industry for the purpose of deciding whether it would reach a conclusion differing from that of the department for where there is a conflict of testimony the inferences therefrom are matters for determination by the department.

4. SAME—RIGHT TO CONTROL.

In determining which of two individuals hired an employee the test is who had the right to control such employee, a question in part determined by ascertaining whose work the employee was performing when compensable accident occurred.

5. SAME—CONTRACTOR—TILE LAYERS—SUBEMPLOYEES—FINDING OF DEPARTMENT.

In proceeding to recover death benefits under the workmen's compensation act, competent evidence sustained finding of de-

* Continued from Vol. 305.

partment of labor and industry that decedent tile layers were employees of contractor, not subject to workmen's compensation act, who had contracted to install a drainage system on property of defendant corporation subject to the act, rather than employees of parties who agreed to furnish certain equipment at an agreed price per hour, including operators, gasoline and oil, and to furnish all labor in excavating trench, laying pipe and backfilling and to maintain a workmen's compensation insurance policy (2 Comp. Laws 1929, § 8416).

Appeal from Department of Labor and Industry. Submitted April 13, 1943. (Docket No. 58, Calendar No. 42,080.) Decided June 7, 1943.

Charity Harris, widow of John Harris, Gertrude Martin, widow of Ernest Martin, and others filed claims for compensation against Fry & Kain, Harold Neller, and Michigan Life Insurance Company, as alleged employers, and Employers Mutual Liability Insurance Company and New Amsterdam Casualty Company, as insurers. From awards for plaintiffs against Michigan Life Insurance Company and New Amsterdam Casualty Company, they appeal. Affirmed.

*Atkinson & Sanders,* for plaintiff Harris.

*Eldred & Gemuend,* for plaintiff Martin.

*Alexander, McCaslin, Cholette & Buchanan,* for defendants Fry & Kain and Employers Mutual Liability Insurance Company.

*Sessions & Warner,* for defendants Michigan Life Insurance Company and New Amsterdam Casualty Company.

BOYLES, C. J. On leave granted, defendants Michigan Life Insurance Company and its insurance

carrier, New Amsterdam Casualty Company, prosecute appeal in the nature of certiorari from an award of the department of labor and industry granting compensation benefits to plaintiffs. The right to compensation is not in dispute. The issue is as to which of two defendants was the employer, and therefore liable for compensation.

Plaintiffs are the dependents of John Harris and Ernest Martin, deceased. These two men were killed May 8, 1941, when dirt caved in upon them while they were laying tile in a drain being constructed upon property belonging to the Michigan Life Insurance Company by defendant Harold Neller under a written contract between the Michigan Life Insurance Company and Harold Neller. Plaintiffs filed separate claims for compensation against all of the defendants herein. The defendants filed separate denials of liability and the question involved is, whether the decedents at the time of the fatal accident were employees of defendant Fry & Kain or of defendant Michigan Life Insurance Company. Both met death at the same time and under the same circumstances, as a result of the same accident, hence plaintiffs' separate applications for compensation have been consolidated for hearing and appeal.

Defendant Fry & Kain is a construction company located at Lansing, Michigan, and at the time of the accident was operating under the workmen's compensation act, insured by the defendant Employers Mutual Liability Insurance Company. Defendant Harold Neller is a contractor, and at the time of the accident had not elected to come under the provisions of the act. On motion to dismiss, he was eliminated from the case for that reason. The defendant Michigan Life Insurance Company owned

the property on which the drain was being constructed by Neller under contract, was operating under the workmen's compensation act, and at the time of the accident was insured by the defendant New Amsterdam Casualty Company. Harold Neller had contracted with the Michigan Life Insurance Company to construct the drain and had contracted with Fry & Kain for them to furnish certain labor and machinery in the construction of the drain. The controversy before us is, whether Fry & Kain or the Michigan Life Insurance Company is liable for the compensation. Each attempts to escape liability by claiming that the other was the employer of John Harris and Ernest Martin.

Plaintiffs take the position that under the facts one or the other of these two defendants was the employer and that plaintiffs are entitled to have an award against one of them. Plaintiffs are not concerned as to which one is found to be liable. The deputy commissioner before whom the testimony was taken found that Fry & Kain were the employers, solely responsible for compensation benefits, and entered an award accordingly. On review before the department, the award was reversed and the department found that plaintiffs were entitled to compensation benefits to be paid by the Michigan Life Insurance Company, and not by Fry & Kain.

The testimony taken in the matter before the deputy and the exhibits cover nearly 300 pages of the printed record before us. In our consideration of the facts, we have been much aided by the exhaustive briefs of counsel for both parties, who have consolidated their respective versions of the facts into approximately 35 pages. While the facts have been fairly stated by counsel for both parties, in their briefs, it is quite natural that each should, as usual, put his best foot forward. No useful pur-

pose would be served by an exhaustive review of the facts in this opinion. The conclusion is inescapable, from our examination of the record, that there is testimony from which a finding could be supported to the effect that Fry & Kain were the employers of the two decedents at the time of the fatal accident. On the other hand, there is ample testimony to support a finding that Harold Neller was their employer, under contract with Michigan Life Insurance Company, wherefore that company would be responsible for compensation under the act. 2 Comp. Laws 1929, § 8416 (Stat. Ann. § 17.150).

Where there is a conflict in the testimony, our review is limited to a determination as to whether there is competent evidence to sustain the finding of the department. It is not for this court to weigh the testimony for the purpose of deciding whether we would reach a conclusion differing from that of the department. *Neumeier* v. *City of Menominee,* 293 Mich. 646. Where there is a conflict of testimony, the inferences therefrom are matters for determination by the department. *Weenink* v. *Allen Electric & Equipment Co.,* 276 Mich. 561.

The findings of fact and conclusions reached by the department are briefly as follows: On May 5th, three days before decedents met with the fatal accident, Harold Neller entered into a written agreement, as contractor, with Michigan Life Insurance Company whereby he agreed to install a drainage system on the insurance company's land in accordance with certain specifications; he agreed to complete the said drainage system and have the same in working order within 30 days; the company agreed to pay, and Neller agreed to accept, for the completed system the actual cost of all labor, materials and supervision, plus $750, with a maximum cost of

$5,000; he agreed to maintain a complete detailed cost record for all labor and materials; the company agreed to pay the contract price direct to the contractor, or to the suppliers of labor and materials, at its own option. Neller agreed to maintain in force workmen's compensation insurance and public liability insurance. On the same date, May 5th, Neller entered into another written agreement, this time with Fry & Kain, under which Fry & Kain agreed to furnish a pull shovel and a bulldozer at an agreed price per hour, including operators, gasoline and oil, and to furnish all labor in excavating trench, laying pipe and backfilling; Fry & Kain also agreed to maintain a workmen's compensation insurance policy and property damage insurance. Both of these contracts were fully executed by the contracting parties, without reservation, on May 5th. The parties began operations under these contracts at once, and we do not agree with appellants' claim that the Michigan Life Insurance Company contract was not in effect on May 8th when the accident occurred. The subsequent conduct of the parties, Neller included, was in accordance with the contracts. Neller notified the insurance company of his agreement with Fry & Kain to furnish machines and labor, advising the company that the labor would be under his supervision. The testimony is convincing that Fry & Kain were not subcontractors of the job, because Neller did not relinquish his control of the construction but had the right to and did exercise full control over the work. He directed the men, told them where to work, was the one who supervised the men, and was in charge of the job. He was on the job when the accident occurred. There is nothing in the written contracts of these parties to establish that Neller sublet the construction job to Fry & Kain. Neller was to be

paid for the job according to contract, by Michigan Life Insurance Company; and his obligation to Fry & Kain was limited to an agreed price per hour for the use of two machines, and operators, gasoline and oil for each. Neller discussed with the decedent John Harris as to what Harris would take to lay the tile. Harris was to get $1 an hour for his work. Who put Harris on the job was in dispute. Testimony supports the conclusion that Neller had the right to control the wages paid all workmen on the job. There was a difference of opinion between Fry and Neller as to who hired Harris. However, the test is, who has the right to control the employee and, as bearing on the question, whose work is the employee performing when the accident occurs. *Arnett* v. *Hayes Wheel Co.*, 201 Mich. 67; *Allen* v. *Kendall Hardware Mill Supply Co.*, 305 Mich. 163.

The department found that Neller had the right to control the work, that plaintiffs' decedents were doing the work which Neller was under contract with Michigan Life Insurance Company to perform, and that decedents were employees of Harold Neller. Plaintiffs were awarded compensation benefits against Michigan Life Insurance Company and New Amsterdam Casualty Company under the statute. There is competent testimony to support the finding, and under our previous decisions we are in accord with the conclusion reached by the department.

The award is affirmed, with costs to appellees.

CHANDLER, NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.