JEZ v. JACKSON BUMPER DIVISION,
HOUDAILLE-HERSHEY CO.

Workmen's Compensation—Loss of Eye—Finding of Department—Contradictory Conclusion.
In metal parts polisher's proceeding to recover for loss of eye sustained during course of employment where department definitely failed to find whether injury was due to piece of metal cast off near-by rapidly-revolving polishing wheel or to piece of employer's barrel being broken up for personal use by plaintiff, the only two possible causes of injury shown by testimony, the department's conclusion that the accident arose out of the employment was inconsistent and contradictory, hence case is remanded for making proper findings of fact (2 Comp. Laws 1929, § 8451).

North, J., dissenting.

Appeal from Department of Labor and Industry. Submitted January 7, 1943. (Docket No. 51, Calendar No. 42,170.) Decided June 30, 1943.

Felix Jez presented his claim for compensation against Jackson Bumper Division of Houdaille Hershey Company, employer, and Aetna Casualty & Surety Company, insurer. Award to plaintiff. Defendant appeals. Award set aside and case remanded for further proceedings.

*Maurice Sugar* and *Benjamin Marcus*, for plaintiff.

*Kerr, Lacey & Scroggie,* for defendants.

BOYLES, C. J. This appeal by defendants is from an award of compensation to plaintiff for the loss of an eye. Defendants contend that while plaintiff's accident occurred in the course of his employment, it did not arise out of his employment, and therefore is not compensable.

Plaintiff was employed in polishing automobile bumpers. The work was done by use of a power-driven machine having a horizontal shaft with a polishing wheel at each end. Two men worked on the machine, one at each end of the shaft. The polishing wheels revolve from 2,000 to 2,400 times per minute and are controlled by a single switch— either both are in motion or both are stopped. At the end of the working shift plaintiff had to clean the wheel he had been using, return it to the wheel room, and place another wheel on the shaft so the machine (called a jack) would be ready for use by the operator coming on at the next shift. Plaintiff's shift was from 3 p. m. to 11 p. m. He was a piece worker and under a maximum limitation of pieces for each shift. Even though he had completed the maximum task he was not permitted to leave his place of employment before the expiration of the shift period.

On the day of this accident, a little more than an hour before the end of plaintiff's working period he had finished polishing the maximum number of pieces that he was allowed to do on that shift; but his machine was still in operation because the employee who worked on the same jack had not completed his task; and plaintiff at the time of his accident had not cleaned the polishing wheel he had been using or prepared the machine for use of the next shift employee. When plaintiff had completed his maximum task he went to a near-by room and obtained from an employee in charge a small empty barrel, similar to a nail keg. He took it to the place where he operated his machine; and with a wrench proceeded to break the barrel into pieces so that he might carry the wood home for kindling. Plaintiff and other employees had done this on numerous occasions and with full knowledge and consent of the employer. One witness testified: "It was an established custom," and the department so found. Barrels of this type which were not taken away by the employees were burned on the factory premises. As plaintiff on this day brought the barrel to the machine where he worked, he and another employee started breaking up the barrel. Then plaintiff alone continued the operation by striking it with a wrench. To do this, plaintiff knelt on one knee with the barrel in front of him. He struck the barrel two blows with the wrench, and when he was about to strike another blow and while the wrench was still in the air something struck plaintiff in his right eye. Removal of the eye was necessitated by the injury.

Just what it was that struck plaintiff in the eye is not definitely disclosed by the opinion, although there is testimony that the injury was caused by some blunt object. As bearing upon a possible ex-

planation there is testimony that lead pieces were attached to the polishing wheels evidently for the purpose of balancing the wheels, that sometimes these pieces come off the wheels and if the wheel is in full motion such a loosened piece would be propelled with great force.

The department in its opinion has definitely failed to find that the accident was caused by a piece of the barrel or by the lead balance, the only possible causes shown by the testimony; yet it has inconsistently concluded that the accident arose out of the employment. It is the province of the department (not that of this court) to make findings of fact. In this case, the findings of the department are inconsistent and contradictory. Under these circumstances, it is not within our province to determine whether the conclusion reached by the department is supported by the testimony. Ordinarily, under these circumstances, we would say that the employee has not sustained the burden of proving that his injury arose out of his employment. *Byrne* v. *Clark Equipment Co.,* 302 Mich. 167. However, the case at bar differs from the *Byrne Case* because in that case one of the possible causes of the infection was not compensable while the other would justify an award. To deny an award in the instant case might be unfair to plaintiff, considering the testimony before us, and would be contrary to the award of the department. The case should be remanded to the department to perform its statutory duty of making findings of fact on which we must, base our review.*   This was recently done under similar circumstances in *Walker* v. *LoSelle Construction Co.,* 305 Mich. 121.

* See 2 Comp. Laws 1929, § 8451 (Stat. Ann. § 17.186).—Reporter.

The award is set aside and the case remanded for further proceedings and findings in accordance herewith, costs to abide the final result.

CHANDLER, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred with BOYLES, C. J.

NORTH, J. (*dissenting*). I am opposed to remand. Instead, the appeal should be disposed of on the present record. See *Goines* v. *Kelsey Hayes Wheel Co.*, 294 Mich. 156; *Murray* v. *Ford Motor Co.*, 296 Mich. 348.