ALEXANDER v. COVEL MANUFACTURING COMPANY.

1. Workmen's Compensation — Weight of Evidence — Supreme Court.

The Supreme Court does not weigh the evidence in reviewing action taken by the workmen's compensation commission on a claim for benefits under the workmen's compensation act as the commission is the sole trier of the facts (CL 1948, § 413.12).

2. Same—Credibility—Workmen's Compensation Commission.

The credit to be given the testimony of witnesses, especially of medical witnesses, when there is conflict, is solely for the determination of the workmen's compensation commission in a proceeding to recover benefits under the workmen's compensation act (CL 1948, § 413.12).

3. Same—Inferences.

The workmen's compensation commission may make reasonable inferences from established facts as a part of its fact-finding function (CL 1948, § 413.12).

---

References for Points in Headnotes

[1, 2] 58 Am Jur, Workmen's Compensation § 532.
[3] 58 Am Jur, Workmen's Compensation § 468.
[4–7, 10] 58 Am Jur, Workmen's Compensation §§ 288, 290, 301, 432, 440.
[4–7, 10] Workmen's compensation: Compensation for loss or impairment of eyesight. 8 ALR 1324; 24 ALR 1466; 73 ALR 706; 99 ALR 1498; 142 ALR 822.
[8, 9] 20 Am Jur, Evidence § 787 et seq.
[8, 9] Right of expert to give an opinion based on testimony of other witnesses not incorporated in a hypothetical question. 82 ALR 1460.
[9] 58 Am Jur, Workmen's Compensation § 446.
[11] 58 Am Jur, Workmen's Compensation §§ 387, 388.
[11] Workmen's compensation: Duty of injured employee to submit to an examination. 6 ALR 1270; 41 ALR 866.
[12] 58 Am Jur, Workmen's Compensation §§ 380, 382.
[12] Requirement of workmen's compensation act as to notice of accident or injury. 78 ALR 1232; 92 ALR 505; 107 ALR 815; 145 ALR 1263.

4. SAME—LOSS OF 80% VISION.

The loss of 80% of vision constitutes full loss of industrial vision under the workmen's compensation act (CL 1948, § 412.10).

5. SAME—LOSS OF VISION.

Finding of workmen's compensation commission that plaintiff lost the vision of his left eye as the result of being struck by some hot sand *held,* sustained by testimony showing that notwithstanding plaintiff had lost 80% of his vision in such eye 4 years theretofore the vision had improved so that plaintiff could see satisfactorily and there was medical testimony that such improvement was possible (CL 1948, § 412.10).

6. SAME—LOSS OF EYE—FINDINGS OF COMMISSION.

Workmen's compensation commission's finding that plaintiff who sought compensation for loss of left eye due to a 1948 injury did not have glaucoma in such eye in 1944 and that defendant's physicians did not attempt to correct the vision in such eye *held,* supported by medical testimony (CL 1948, § 413.12).

7. SAME—LOSS OF EYE—PROXIMATE CAUSE—EVIDENCE.

Finding of workmen's compensation commission that accident whereby hot sand hit plaintiff's eye was a causative factor in the loss of plaintiff's eye *held,* supported by credible medical testimony (CL 1948, § 413.12).

8. EVIDENCE—PHYSICIAN'S CONCLUSIONS—PATHOLOGICAL REPORT—CONFERENCE WITH ANOTHER DOCTOR.

A physician's conclusions, based in part upon a pathological report and a conference with another doctor, are not objectionable as hearsay, where the conclusions were presented as his own.

9. WORKMEN'S COMPENSATION—HYPOTHETICAL QUESTIONS—STATEMENTS OF FACT—EVIDENCE.

It was not error to permit plaintiff's attorney in proceeding to recover workmen's compensation for loss of an eye to ask hypothetical questions based upon facts substantially in accord with plaintiff's testimony, notwithstanding they misstated facts from defendant's point of view, where it is evident the workmen's compensation commission accepted plaintiff's version of the facts contained in the questions.

10. SAME—LOSS OF EYE—PROXIMATE CAUSE—EVIDENCE.

Assumed error in receiving testimony that plaintiff was injured in the head by a falling brick during year before accident upon which plaintiff based his claim for benefits under work-

men's compensation act for loss of eye *held,* not prejudicial, where it does not appear that the workmen's compensation commission found that the brick accident bore any causal relation to plaintiff's disability and award made was in no way dependent upon such evidence (CL 1948, § 412.10).

11. Same—Submission to Examination by Employer's Physician.
Employer's claim that plaintiff employee should be denied workmen's compensation for loss of eye because of failure to comply with statutory provision requiring him to submit to an examination by a physician of the employer's choice cannot be sustained, where the employer made no demand for such an examination and plaintiff never refused any such demand (CL 1948, § 412.19).

12. Same—Claim for Compensation—Time—Subsequently-Appearing Disability.
Plaintiff who sought workmen's compensation for loss of left eye who had made his claim for compensation less than a month after doctor's diagnosis that he had lost the vision of such eye complied with statutory provision allowing 3 months within which to make a claim for compensation after discovery of the disability, where the disability does not become apparent within 6 months of accidental injury (CL 1948, § 412.15).

Appeal from Workmen's Compensation Commission. Submitted October 14, 1952. (Docket No. 76, Calendar No. 45,300.) Decided March 10, 1953.

William Alexander presented his claim for compensation against Covel Manufacturing Company and Superior Steel & Malleable Castings Company, employers, and Liberty Mutual Insurance Company, insurer, for loss of eye. From award against Covel Manufacturing Company, it appeals. Affirmed.

*Robert S. Feldman,* for plaintiff.

*Ford, Hinga & Schmiege (Frank F. Ford,* of counsel), for defendant.

ADAMS, J.  This is an appeal from an order of the workmen's compensation commission awarding compensation to William Alexander, plaintiff and appellee, for the loss of an eye.  The appeal is taken by the Covel Manufacturing Company, defendant, against whom the award was charged.

In 1944, Alexander was treated for a minor injury to his eye.  An examination by a medical doctor at that time indicated that his vision in the left eye was 20/200, which according to medical authorities can be characterized as an 80% loss of vision.  His vision improved thereafter, according to his testimony, and he was able to see satisfactorily for a period of years.  On February 6, 1947, Alexander went to work for Covel Manufacturing Company.  He was not given a pre-employment physical examination although an employing officer of the defendant company testified that Alexander told him he had defective vision in his left eye at the time, a statement denied by plaintiff.

In April, 1948, Alexander, while at work, was hit in the left eye by some hot sand and was sent to a medical doctor for treatment.  The doctor found no sand in his eye but did find that he was suffering from iritis and glaucoma and that vision in his left eye was limited to light perception.  He continued to work regularly until November of that year when his employment was terminated for reasons not related to the injury.  Shortly thereafter he began to experience pain and discomfort in his left eye and on December 3d he was treated by Dr. Louiselle, a medical doctor specializing in the treatment of the eye, ear, nose and throat.  Dr. Louiselle found a corneal ulcer and secondary glaucoma.  Plaintiff then went to the defendant's place of business, talked with the personnel director, requested medical treatment and compensation for loss of vision.  The request was denied.  Plaintiff thereafter continued

treatments with Dr. Louiselle and the ulcer healed but vision did not improve and pain continued. After consultation with other doctors, the eye was removed on June 22, 1949.

Dr. Louiselle testified that the corneal ulcer and the secondary glaucoma could have been caused by the hot sand striking the eye. This possible causal relationship was denied by 2 other medical doctors.

Claim for compensation was filed on December 7, 1949, and, after hearing, the commission found that the plaintiff had suffered the loss of industrial vision on December 3, 1948, as a result of an accidental injury he sustained in the month of April, 1948, while employed by the defendant.

In reviewing decisions of the workmen's compensation commission, this Court has said that by enactment of the legislature (CL 1948, § 413.12 [Stat Ann 1950 Rev § 17.186]), the commission is the sole trier of the facts, and this Court will not weigh the evidence. *Weenink* v. *Allen Electric & Equipment Co.*, 276 Mich 561; *Jez* v. *Jackson Bumper Division, Houdaille-Hershey Co.*, 306 Mich 111. The credit to be given the testimony of the witnesses, and especially medical testimony when there is a conflict, is solely for the commission's determination. *Spada* v. *Ford Motor Co.*, 269 Mich 354. As a part of this fact-finding function of the commission, it naturally follows that the commission may make reasonable inferences from established facts. *Lynch* v. *R. D. Baker Construction Co.,* 297 Mich 1; *Harris* v. *Fry & Kain,* 306 Mich 1. These precedents provide a pattern to be followed in considering the present case.

Defendant contends that the commission erred as a matter of law in finding that plaintiff lost industrial vision in his left eye as a result of the accident in April of 1948 because a doctor's diagnosis in 1944 had shown that at that time he had already lost 80% of his vision, which according to the workmen's com-

pensation act constituted full loss of industrial vision.* The record shows, however, that the plaintiff testified that his vision improved after 1944 and that he was able to see satisfactorily. A medical doctor, called as a witness for the defendant company, admitted that such improvement in vision was possible. With that testimony before it, the commission had the right, if they so believed, to find that the plaintiff did have industrial vision in his left eye at the time of the accident in April, 1948.

Error is claimed in the commission's finding that defendant's doctors "did not attempt to correct the vision in the left eye" and that "plaintiff did not have glaucoma in the left eye on September 25, 1944." Here again testimony appears in the record from which the commission could reasonably come to those conclusions. The attending physician, called as a witness by the defendant company, admitted that his diagnosis in 1944 did not show glaucoma and that when he treated the eye later he was concerned only with a minor scratch.

It is the defendant's further contention that the commission erred in finding that the accident in April of 1948 was a causative factor in the loss of plaintiff's eye. The record shows that 1 medical doctor, with considerable experience in this field, testified that hot sand hitting the plaintiff's eye could have been a causative factor in the development of the corneal ulcer and secondary glaucoma. While 2 other doctors testified that such could not have been the case, nevertheless under the law, the commission, being the trier of the facts, had the right to determine which version they believed to be true.

When testifying, Dr. Louiselle conceded that his diagnosis was based in part upon a pathological re-

---

* CL 1948, § 412.10 (Stat Ann 1947 Cum Supp § 17.160).—RE-PORTER.

port and a conference with another doctor. Defendant claims that since he admitted he relied on what other doctors had told him, his testimony of his diagnosis was hearsay. We are unable to agree with this reasoning. His conclusions were presented as his own and were not any more hearsay by reason of being based upon consultation with other doctors than if based upon a lecture or textbook. No person is born with a knowledge of medicine and a doctor's conclusions must of necessity in many instances be based upon information acquired from sources outside himself.

Appellant also alleges error in that certain hypothetical questions which plaintiff's attorney was permitted to ask contained misstatements of fact. It may be true they contained misstatements of facts as they appeared from defendant's evidence, but upon examination of plaintiff's evidence we find that the facts stated in the hypothetical questions were in substantial accord therewith. It is evident the commission accepted plaintiff's version of the facts contained in the hypothetical questions.

Defendant also contends that the commission erred in admitting testimony in regard to plaintiff's being struck in the head with a falling brick in 1947, that accident not having been mentioned in plaintiff's claim for compensation and defendant having had no prior notice that it would be relied upon as a cause of plaintiff's disability. Assuming without deciding that the admission of testimony in regard to the falling brick was error, it was not prejudicial to defendant because the commission did not find that that accident bore any causal relation to plaintiff's disability. The commission's award was in no way dependent upon that evidence.

Defendant also contends that the plaintiff should have been denied relief because of his failure to com-

ply with the provisions of sections 15* and 19,† part 2, of the workmen's compensation act.

Section 19, in substance, requires an employee to submit himself to examination by a physician of the employer's .choice on pain of having his right to compensation suspended if he refuses. From an examination of the record, we are unable to find any evidence that defendant made a demand that plaintiff submit himself to examination or that plaintiff refused any such demand. In fact, the testimony of defendant's personnel director on cross-examination seems to indicate quite clearly that no such demand was made.

Section 15 of the act requires the employee to make his claim for compensation within 6 months after the injuring accident or, if no disability is apparent within the 6-month period, then within 3 months after the disability becomes apparent. According to the testimony of the plaintiff, he made a claim for compensation upon the defendant company within less than a month after he became aware, through a doctor's diagnosis, that he had lost the vision of his left eye. That being the case, the claim was made within the permitted statutory period.

A full consideration of the record discloses no errors of law and the commission's order is, therefore, affirmed, with costs to appellee.

DETHMERS, C. J., and BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

---

* CL 1948, § 412.15 (Stat Ann 1950 Rev § 17.165).—REPORTER.
† CL 1948, § 412.19 (Stat Ann 1947 Cum Supp § 17.169).—RE-PORTER.