KIDO v. CHRYSLER CORPORATION.

1. WORKMEN'S COMPENSATION—FINDINGS OF APPEAL BOARD—EVI-
   DENCE.
   Findings of workmen's compensation appeal board that there had
   been no such accident as claimed by plaintiff and that he had
   not reported the accident to defendant, based upon rejection
   of plaintiff's testimony in accord with his claims is not dis-
   turbed on appeal from board's order denying compensation,
   since the board is the trier of the facts and makes its own
   determination as to the credibility of witnesses and the weight
   to be given their testimony (CL 1948, § 413.12).

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 58 Am Jur, Workmen's Compensation §§ 530-534.

2. SAME—REJECTION OF TESTIMONY—REVIEW.

Rejection of testimony does not constitute any irregularity in the review process of the workmen's compensation appeal board.

3. SAME—FINDINGS OF APPEAL BOARD—FRAUD.

Findings of fact by the workmen's compensation appeal board, in the absence of fraud, are conclusive (CL 1948, § 413.12).

Appeal from Workmen's Compensation Appeal Board. Submitted Division 1 June 8, 1965, at Detroit. (Docket No. 99.) Decided September 20, 1965.

George Kido presented his claim for compensation against Chrysler Corporation following a fall sustained by him as he was moving skids at defendant's plant. Award granted by hearing referee. Reversed by appeal board. Plaintiff appeals. Affirmed.

*Berger, Manason, Kayes & Ernstein* (*Dan A. Manason,* of counsel), for plaintiff.

*Lacey & Jones* (*F. L. Sylvester,* of counsel), for defendant.

WATTS, J. Appeal from workmen's compensation appeal board. Plaintiff Kido claims injury in March of 1952, occurring during the course of employment. He alleges that at that time he fell on a slippery floor at defendant's plant and suffered back injuries which have been continuing and for which he seeks compensation. The hearing referee found that such an accident had occurred and awarded compensation. The workmen's compensation appeal board reversed the award and entered an order denying compensation. It is from this order plaintiff appeals.

Plaintiff's contention is that the appeal board in considering the evidence overlooked important testimony. We are unable to accept this argument. The testimony which plaintiff claims was ignored was his

own. It had to do with the alleged accident and whether or not this accident had been reported to defendant. The appeal board found that there had been no such accident. It was entitled and indeed was obliged to weigh and accept or reject plaintiff's testimony regarding the occurrence. Plaintiff's testimony as to reporting the alleged accident was unrebutted but also unsupported. The fact that the board rejected the testimony does not constitute any irregularity in the review process as conducted by the board but, indeed, is inherent in the nature of the process.

The workmen's compensation appeal board* is trier of the facts in compensation cases and makes its own determination as to the credibility of witnesses and the weight to be given their testimony. *Spada* v. *Ford Motor Company* (1934), 269 Mich 354; *Gotich* v. *Kalamazoo Stove Company* (1958), 352 Mich 88; *Hollingsworth* v. *Auto Specialties Manufacturing Company* (1958), 352 Mich 255; *Coates* v. *Continental Motors Corporation* (1964), 373 Mich 461.

The appeal board found as a matter of fact that there had been no accident. In doing so, it rejected plaintiff's testimony that there had been an accident and that the accident had been reported.

The findings of fact made by the workmen's compensation appeal board, in absence of fraud, were conclusive. CL 1948, § 413.12 (Stat Ann 1960 Rev § 17.186).

Judgment affirmed.

LESINSKI, C. J., and BURNS, J., concurred.

---

* *Spada* v. *Ford Motor Company* (1934), 269 Mich 354, cited herein refers to the compensation commission of the department of labor and industry. Powers and duties of this commission were transferred by statute in 1955 to the workmen's compensation appeal board. See CLS 1961, §§ 408.9, 408.10 (Stat Ann 1960 Rev §§ 17.6[15], 17.6 [16]).